UNITED STATES of America, Appellee,

v.

James Edward BROWN, Appellant.

No. 77–2583.

United States Court of Appeals,
Ninth Circuit.

May 24, 1978.

Susan F. Mandiberg, Portland, Or., for appellant.

Charles H. Turner, Asst. U. S. Atty., Portland, Or., for appellee.

Before GOODWIN, WALLACE, and HUG, Circuit Judges.

PER CURIAM:

James Brown appeals from his conviction for interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312. Brown and his codefendant were arrested when a police officer found them driving in Newport, Oregon, in a car which had been stolen the night before in Seattle, Washington.

Brown raises three issues on appeal. He argues that there was insufficient evidence to sustain his conviction, that the trial judge erred in instructing the jury, and in receiving in evidence an admission Brown allegedly made to police officers after his arrest.

Brown concedes that the only factual issue in dispute at the trial was whether he knew that the car he drove from Washington to Oregon was stolen. In considering the sufficiency of the evidence, this court must consider whether the evidence considered most favorably to the government was such as to permit a rational conclusion by the trier of fact that the accused was guilty beyond a reasonable doubt. *United States v. Jones*, 518 F.2d 64, 65 (9th Cir. 1975). The owner of the car was robbed late at night in Seattle by two men who took his money, his jewelry, and certain other items of personal property in addition to his car. The victim said he avoided looking at the robbers because he was afraid, but after the robbery he described the two men as a white man and an Indian. Brown is white and his codefend-

ant is an Indian. Although the owner of the car was unable to identify Brown and his codefendant, both men had some of the victim's personal property in their possession at the time they were apprehended. Brown was wearing the victim's watch and carried the victim's pocket knife in his pocket. When questioned about the watch, he answered that he had bought it in Kansas City. The evidence as a whole obviously permitted the jury to infer that Brown knew that the car was stolen.

Brown argues that the trial court should not have instructed on flight, asserting that no evidence of flight appears in the record. In one sentence, the court instructed the jury on the inferences to be drawn from the use of false names or identification either before or after arrest, the intentional flight or concealment by a defendant after arrest, attempts to fabricate or suppress evidence, or false statements made after arrest. As is true in many cases, there was no evidence of flight after arrest here, and the "boiler plate" instruction should have been edited to delete the surplusage. However, the jury did hear evidence that the defendant made false statements about the victim's watch after arrest. Part of the instruction therefore was appropriate to inform the jury of the inferences to be drawn from that evidence. There was no reversible error.

Brown also claims that testimony concerning a postarrest statement he made to police officers was erroneously admitted. Brown requested that the police officers call the FBI because he "didn't want to do state time." Because of the prosecutor's failure to disclose that statement to defense counsel before the trial, the jury heard the testimony about the statement before defense counsel could object.

Once the "state time" statement was introduced, defense counsel immediately moved for a mistrial on the grounds that the statement had not been disclosed to the defense as required by Fed.R.Crim.P. 16(a)(1)(A) and that the defendant was entitled to a voluntariness hearing under *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct.

1774, 12 L.Ed.2d 908 (1964). The trial judge denied both motions and ruled that the statement was admissible. Later during the trial, the trial judge reconsidered and conducted a hearing outside the presence of the jury on the admissibility of the statement.

At the hearing, prosecution witnesses testified that Brown had volunteered the statement. Brown denied making the statement and said he was an alcoholic and had been intoxicated on wine and beer at the time of his arrest. The prosecution witnesses at the hearing did not discuss Brown's level of intoxication. However, earlier in the trial the arresting officer had testified that he believed that Brown was intoxicated at the time of his arrest and that he found wine and beer bottles in the front seat of the car near where Brown was sitting. The officer also stated that Brown was not staggering or slurring his words and responded to questions intelligently. At the end of the hearing, the judge stated that he was "convinced beyond a reasonable doubt that [Brown] made these statements and they are admissible." The court omitted a formal finding that the statement was voluntary.

■ *Sims v. Georgia*, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967), holds that before a confession, challenged as to voluntariness, may be introduced in evidence, the trial court's conclusion that the confession was voluntarily given must appear from the record with "unmistakable clarity". 385 U.S. at 544, 87 S.Ct. 639. The same constitutional principle has been held to apply to admissions. *Gladden v. Unsworth*, 396 F.2d 373, 375–76 (9th Cir. 1968). Here, the jury could have inferred from the statement an awareness of some guilt on the part of the defendant. Such a statement is treated as an admission. *See United States v. Pistante*, 453 F.2d 412 (9th Cir. 1971).

■ We have held that, at a minimum, the trial court's findings on essential factual issues must be ascertainable from the record. *United States v. Read*, 411 F.2d 582, 583 (9th Cir. 1969). Although both parties at the hearing devoted most of their energy to disputing whether the defendant made the statement, the due-process issue was the effect, in any, of the defendant's state of intoxication upon his ability to make a voluntary admission. The judge stated that he believed that the defendant made the statement, but the record does not affirmatively show that he considered the effect of intoxication on the voluntariness issue. The requirement of *Sims v. Georgia* that the trial judge's conclusion on the voluntariness issue appear in the record with "unmistakable clarity" was not met in this case.

The omission could mean that there was a trial error of constitutional dimensions. We cannot say that such an error would be harmless beyond a reasonable doubt under the test in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 704 (1967). A similar problem arose in *United States v. Goss*, 484 F.2d 434, 437 (6th Cir. 1973). There, as here, the trial judge made no specific finding as to the voluntariness of the defendant's confession. The finding may have been implicit, but it has to be explicit. The appellate court held that the finding could not be inferred from the court's denial of the defendant's motion to suppress because of the procedural requirement of *Sims v. Georgia*. The court remanded the case to the district court to review the evidence produced at the voluntariness hearing and to make an explicit finding on the voluntariness issue. A reversal and complete new trial were not deemed to be necessary if the judge should find that the confession in that case had been given voluntarily. *See also United States v. Keeble*, 459 F.2d 757, 762 (8th Cir. 1972), *reversed on other grounds*, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973). A similar course will accomplish justice in the case at bar. If the statement was not voluntary, it was error to let the jury hear it; if it was voluntary, there was no error. Here, of course, there was no confession, but an equivocal, inculpatory statement.

■ Brown also asserts misconduct by the government in the "surprise" use of his "state time" remark and in conferring with

the witnesses to that remark before the hearing on its admissibility. We find no misconduct.

The judgment is vacated and the cause remanded with leave to reinstate the judgment if the court finds that the challenged statement was voluntarily made.

Vacated and remanded.