UNITED STATES of America, Appellee,

v.

David TEDESCHI, Defendant,
Appellant.

UNITED STATES of America, Appellee,

v.

Miklos RACZ, Defendant, Appellant.

Nos. 84–1875, 84–1876.

United States Court of Appeals,
First Circuit.

Argued May 10, 1985.

Decided Sept. 25, 1985.

John B. Lawlor, Jr., Boston, Mass., with whom Moos & Lawlor, Boston, Mass., was on brief, for David Tedeschi.

George Jabour, Boston, Mass., with whom Jeffrey A. Denner and Denner & Benjoya, Boston, Mass., were on brief, for Miklos Racz.

Tobin N. Harvey, Asst. U.S. Atty., Boston, Mass., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before BOWNES, Circuit Judge, and VAN DUSEN,* Senior Circuit Judge, and BREYER, Circuit Judge.

BREYER, Circuit Judge.

David Tedeschi and Miklos Racz appeal their convictions for conspiring to distribute cocaine and possession of cocaine with intent to distribute it. 21 U.S.C. §§ 841(a)(1), 846. Tedeschi and Racz point out that their trial was held seven months after their indictment; they add that they were held in custody during this time; and they argue that the seven-month delay violated the Speedy Trial Act's requirement that the government bring a defendant to trial "within seventy days" of indictment. 18 U.S.C. § 3161(c)(1). Of course, more than seventy days elapsed between appellants' indictment (February 1, 1984) and the trial (August 28, 1984). But, appellants concede that many of these days do not count for the purposes of calculating the Act's "seventy days;" they are excluded by one or another special exclusionary sec-

* Of the Third Circuit, sitting by designation.

tions contained in the Act. *See* § 3161(h). Rather, appellants argue that eighty-six "non-excludable" days elapsed between indictment and trial—sixteen more than the Act allows.

█ In evaluating appellants' claim, we have considered the Act's provisions excluding, from the "seventy days," time attributable to certain kinds of pretrial activity. In particular, § 3161(h)(1) states in relevant part:

(h) The following periods of delay shall be excluded . . .

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

. . . (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

. . . (J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

Moreover, in this circuit, as in several others, "pretrial motion" delay under subsection (F) is excludable only if reasonably necessary to the proper disposition of the motion. *United States v. Mitchell*, 723 F.2d 1040, 1047 (1st Cir.1983), *accord United States v. Novak*, 715 F.2d 810, 820 (3d Cir.1983); *United States v. Cobb*, 697 F.2d 38, 44 (2d Cir.1982). After examining the record in light of appellants' arguments we have concluded that at least sixteen (or more) of the eighty-six days to which appellants point were excludable under these statutory provisions. Appellants therefore received the timely trial that the Speedy Trial Act guarantees them.

1. The dispositive days at issue run between May 11, 1984 and May 31, 1984—days during which the district court evaluated appellants' suppression motions and eventually decided to hold a hearing. The relevant chronology runs as follows:

—On February 15, 1984 both defendants filed motions to suppress certain statements.

—On March 22 defendant Racz filed a revised motion seeking to suppress other evidence.

—On April 19 the district court held a pretrial conference, agreed to accept Racz's (late) revised motion, agreed that Tedeschi could file a new substitute suppression motion, and set a briefing schedule.

—On May 10 the government filed the final scheduled brief.

—Between May 11 and May 31 the court considered the parties' submissions.

—By May 31 it concluded that an evidentiary hearing would be necessary.

—On August 2 the court held this hearing (a hearing delayed because of what the court later described as "conflicts on the part of both the court and defense counsel.")

In response to defendants' speedy trial motions, the district court concluded that for speedy trial purposes it should exclude (from the "seventy days") the period from February 15 to May 31, but it should not exclude the period between June 1 and August 2 (with a minor exception). The court wrote in its November 21, 1984 Memorandum and Order:

The court rejects the government's request that the entire time span between February and August be excluded [because of the suppression motions]; the two-and-one-half-month delay in scheduling a hearing following the close of the initial round of briefing on May 10 cannot, in the court's view be deemed "reasonably necessary" under the guidelines of *United States v. Mitchell,* 723 F.2d 1040 (1st Cir.1983). And yet the period from May 11 through May 31, during which time the court was reviewing the suppression issues and at the end of which the court concluded a hearing was necessary, is excludable under section 3161(h)(1)(J).

The dispositive legal issue before us on this appeal is whether the district court properly excluded at least sixteen of these twenty-one days in May.

2. The first question before us is what subsection of the Act applies: (J), as the district court held, or (F), as appellants now argue? The argument in favor of (J) is a reasonable one: As of May 11, the district court had before it a set of documents and a request for a decision. Viewed *ex ante,* as of May 11, one could not say whether that decision would take the form of a decision of all, or part, of the motion on the merits, or a decision to seek further information through, for example, a hearing. Why then should one not consider the matter as "under advisement" within the terms of (J)—at least until the court decided to schedule further proceedings?

■ We find the answer to this question in the fact that, viewed *ex post,* as of May 31 when the court decided to hold a further proceeding, the *entire* period fits literally within the language of (F), which speaks of delay "from the filing of the motion through the conclusion of the hearing on ... such motion." We see no unfairness or practical harm caused by viewing the matter *ex post,* which allows for application of the "reasonably necessary" requirement—a requirement that furthers the basic purposes of the Speedy Trial Act. Hence, we accept the defendants' view that (F) provides the relevant exclusionary language.

■ 3. We also conclude, however, that at least sixteen of the twenty-one days in May (eleven working days plus intervening weekends and a holiday) satisfied (F), as interpreted by *Mitchell.* That is to say, at least this much time was "reasonably necessary" to the prompt disposition of the defendants' suppression motions.

The particular motions for the district court's decision at that time included the following:

1) Racz's claim that his arrest lacked "probable cause"—a claim that he said rested upon a version of the facts set out in the arresting officer's affidavit.

2) Racz's claim that the arresting officer violated the Fourth Amendment when he seized a red bag that Racz was holding, opened it, and opened a closed bag within it (evidently containing cocaine). *See United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977).

3) Tedeschi's claim that his waiver of his *Miranda* rights was involuntary and ineffective because he had drunk two half-pints of gin just before he was arrested. *See United States v. Brown*, 575 F.2d 746 (9th Cir.1978).

4) Tedeschi's claim that he was illegally arrested because police officers had conducted a warrantless search for him, through the basement of an apartment house, finally arresting him in the apartment of a friend, where he was "temporarily living."

Racz had filed a fairly detailed factual and legal memorandum in support of his claims; Tedeschi had filed a short memorandum with a few case citations; the government had filed a one-paragraph memorandum in reply simply stating that the appellants' claims were without legal merit.

These motions before the court were complex; not all their claims seemed automatically to call for a hearing; but all called for considerable research. Racz's "unlawful bag seizure" claim, for example, raised a difficult legal question (can an arresting officer make a warrantless search of a bag within an accompanying bag?, *see United States v. Chadwick, supra*), but it did not suggest any factual dispute. The court reasonably might have wanted to research this issue, the "pint of gin/voluntary waiver" issue, and "warrantless search" law as applied to apartment houses; it reasonably might have wanted to review the government's version of the facts; and it reasonably might have wanted to reexamine the motions in light of its research results—all before deciding whether to hold an evidentiary hearing as to some or all of defendants' claims.

This type of research takes time. Moreover, the judge cannot devote every full working day to the claims of a single criminal defendant, for he must decide motions in other criminal cases or preside at other criminal trials—all involving defendants, each of whom is entitled to a "speedy trial." (In a month, a Massachusetts district judge maintains a criminal docket of fifteen to twenty cases, involving twenty-five to thirty defendants, along with a civil docket of five hundred or so civil cases.) An appellate court must leave district judges considerable leeway in respect to scheduling and working manner, lest too single-minded a pursuit of one desirable object, namely speed, interfere with the attainment of other equally important elements of a fair and effective system of criminal justice, such as thorough research and careful thought. For these reasons, we find "reasonable" (and hence excludable) at least the sixteen days taken in determining that an evidentiary hearing would be necessary.

■ 4. Appellants make three additional arguments. First, they suggest that the district court failed to supply a "reasonably contemporaneous" statement of reasons for the February to August delay. *Mitchell* holds:

> In order to make this "reasonably necessary" time rule susceptible of meaningful appellate review, we invoke our supervisory power to direct that henceforth district courts make specific and reasonably contemporaneous statements of the reasons for any extended exclusions of time between filing and hearing or submission of pretrial motions.

*United States v. Mitchell*, 723 F.2d at 1047. The record shows that, while Tedeschi moved for a speedy trial dismissal on June 6, that motion seemed to rest upon the theory that the (h) exclusions did not apply to an incarcerated person; thus it did not focus the court's attention upon the reasons for the suppression motion delays. The first motion actually to call the court's attention to the various February to August suppression motion delays was filed by Racz on August 20. The district court received the government's opposition on August 24 and held a hearing on August

28. The court denied the motion on August 28. It stated its reasons in an opinion released on November 21.

The delay between the time of decision, August 28, and the filing of a memorandum of reasons, on November 21, is a long one. In our view, it violated *Mitchell*'s "reasonably contemporaneous statement" requirement. This is not to say that a district court need always file a detailed opinion immediately upon deciding a Speedy Trial Act question. But, even a brief oral statement by the court when it decided defendants' motion on August 28 or soon thereafter would have helped to guarantee that its evaluation of the reasons for excluding challenged days took place while the periods in question were relatively fresh in the judge's mind.

Our finding of a failure to satisfy one of *Mitchell*'s "supervisory power" requirements does not help appellants, however, for we do not believe that dismissal of the indictment is an appropriate remedy in this case. For one thing, the court's failure to file "contemporaneous" reasons did not significantly prejudice them. The district court focused upon the reasons for the "suppression motion" delay by late August fairly soon after the delay ended on August 2, soon after the delay threatened to cause a Speedy Trial Act violation and almost immediately after defendants called it specifically to the court's attention on August 20. The court reached a decision within a few days, while the facts were still fresh in the judge's mind. We have also evaluated the record independently, and have concluded that enough of the delay at issue was reasonable to have made trial timely. Thus, defendants, in our view, received the speedy trial that the Act guarantees them. For another thing, we find the district court's failure to make reasonably contemporaneous findings peculiarly excusable in the context of this case. The district court, not unreasonably, presumed that until May 31 it was working under the (J) "under advisement" exclusion which under our caselaw requires no such findings. While we have determined that the district court erred in this particular, the fact that this court has not previously elaborated upon the meaning of the "reasonably contemporaneous" requirement and the respective domains of (F) and (J) exclusions leads us to conclude that the district court's departure is not so egregious as somehow to call for reversal especially where there was no significant harm or prejudice to defendants.

■ Second, appellants argue that the district court erred in not setting a trial date until August 2, 1984, though they had been indicted on February 1, 1984. They argue this is a violation of § 3161(a) which states:

> In any case involving a defendant charged with an offense, the appropriate judicial officer, at the *earliest practicable time*, shall, after consultation with the counsel for the defendant and the attorney for the Government, set the case for trial on a day certain, or list it for trial on a weekly or other short-term calendar at a place within the judicial district, so as to assure a speedy trial.

(Emphasis added.) Appellants claim that the violation of this command requires that the indictments be dismissed. Setting a trial date at the earliest practical time is the best method for assuring a speedy trial; it concentrates the focus of the parties and the court onto the target that counts, the start of trial. Failure to set a trial date as soon as practicable with a cut off date for motions inevitably results in the court being inundated with a continuous stream of motions. This provision of the Speedy Trial Act, however, is hortatory only. The Act's dismissal sanction is limited to violations of the seventy-day pretrial limit. It says:

> If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant.

§ 3162(a)(2). The Act provides no specific sanction for a violation of its "earliest practicable" time requirement. And, we therefore find no legal basis for ordering dismissal of the indictment in a case like this one.

Third, appellants challenge the district court's refusal to give them access to the "detention supervision reports" required to be filed biweekly by the government concerning each defendant in custody for more than ten days containing a "statement of the reasons why the defendant is still held in custody." Fed.R.Crim.P. 46(g). Appellants appear to want these reports because they believe that they may contain some information about the reasons for the pretrial delay and because they wish to prove inaccurate the district court's statement in the Speedy Trial Act memorandum that the delay during the period from May 11 to August 2 was caused by "conflicts on the part of both the court and defense counsel." We find nothing erroneous about the district court's decision not to release these reports to correct.

Since we have found that at least sixteen of the crucial twenty-one days in May 1984 were properly excluded from the speedy trial computation under § 3161(h)(1)(F) as a period reasonably necessary to the proper disposition of a pretrial motion before hearing, there are, by appellants' own figures no more than 70 non-excludable days. Accordingly, the judgment of the district court is

*Affirmed.*