UNITED STATES of America, Appellee,

v.

Charles SIMMONS,
Defendant-Appellant.

No. 622, Docket 85–1359.

United States Court of Appeals,
Second Circuit.

Argued Jan. 6, 1986.

Decided March 12, 1986.

Robin Charlow, New York City (The Legal Aid Soc., Federal Defender Services Unit), for defendant-appellant.

Robert Gage, New York City, Asst. U.S. Atty. for S.D.N.Y. (Rudolph W. Giuliani, U.S. Atty. for S.D.N.Y., Stuart E. Abrams, Asst. U.S. Atty., of counsel), for appellee.

Before FEINBERG, Chief Judge, and FRIENDLY * and WINTER, Circuit Judges.

FEINBERG, Chief Judge:

Charles Simmons appeals from the judgment of the United States District Court for the Southern District of New York, Thomas P. Griesa, J., which held that the Speedy Trial Act, 18 U.S.C. §§ 3161–3174 (the Act), had not been violated by delay in processing appellant's suppression motion. On a prior appeal to this court, we found that, aside from the period of the pendency of the suppression motion, 68 days of non-excludable time had elapsed on appellant's speedy trial clock. We find that the 117-day period from the filing of appellant's motion to the hearing on it, when seen in its entirety, was not reasonably necessary to the processing of the motion and that at least three days of this period were not excludable under 18 U.S.C. § 3161(h)(1)(F). Accordingly, section 3161(c)(1) of the Act

* Judge Friendly participated in oral argument and concurred in this opinion before his death

requires dismissal of the indictment. After considering the factors listed in section 3162(a)(2), we have determined that dismissal should be without prejudice.

## I.

The facts leading to Simmons' indictment are set forth in detail in our earlier opinion, reported at 763 F.2d 529. Appellant, Albert Thrower and Robert Moore were arrested in connection with the sale of a small amount of heroin to an undercover police officer. On April 9, 1984, Simmons was charged in three counts of a four-count indictment with conspiracy to distribute heroin, distribution of heroin and possession of heroin with intent to distribute in violation of 21 U.S.C. §§ 846, 812, 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2. Under 18 U.S.C. § 3161(c)(1), the filing of the indictment set the speedy trial clock in motion. On June 14, after 65 of the 70 days allowed under the Act had elapsed, Simmons moved to suppress heroin found in his possession and statements made after his arrest, claiming that the arrest was not based on probable cause. The filing of this motion stopped the speedy trial clock and resulted in some period of excludable delay under section 3161(h)(1)(F), which excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."

After two rounds of briefing, a conference and an adjournment, Judge Griesa held a hearing on the motion to suppress on October 9, 117 days after the motion was filed. At the conclusion of the hearing, Simmons' motion was denied. At this point, with five days remaining (aside from the disputed 117 days spent on appellant's suppression motion), the speedy trial clock began to run again. On October 12, on the sixty-eighth day of his speedy trial clock (again not counting the disputed 117 days), Simmons entered a conditional plea of guilty to one count of possession of heroin

on March 11, 1986.

with intent to distribute. He was sentenced to a five-year prison term, to be followed by three years special parole. He expressly reserved the right to appeal from the denial of his suppression and speedy trial motions.

The events relevant to the speedy trial claim, as indicated by the record, are the following:

—On June 14, Simmons filed his motion to suppress, requesting a hearing on the matter and attaching a three-page affidavit by Simmons' counsel and a two-page affidavit by Simmons himself.

—On July 13, the government filed a three-page letter-brief in response contending that the motion should be denied and that, based on *Franks v. Delaware*, 438 U.S. 154 [98 S.Ct. 2674, 57 L.Ed.2d 667] (1978), Simmons was not entitled to a hearing on the motion because he had failed to make a "substantial preliminary showing" that the arresting officer had made a knowingly or intentionally false statement in his complaint.

—On August 1, appellant responded to the position taken by the government in the July 13 response, in a six-page letter, arguing that *Franks* was inapplicable to a case, such as Simmons', involving the question whether there was probable cause to make a warrantless arrest.

—On August 21, the government responded in a six-page letter-brief, withdrawing its earlier position and arguing that no factual issue existed sufficient to require the court to hold a hearing on Simmons' motion.

—From July 30 to August 27, Judge Griesa was on vacation. Some time after his return, he scheduled a conference for September 21.

—On September 21, the conference was held. Defense counsel raised the speedy trial issue for the first time. The court announced that it would hold a hearing and, after consultation with counsel, scheduled it for October 2.

Shortly before the appointed time, Judge Griesa postponed the hearing until October 9.

—On October 9, Judge Griesa held the suppression hearing, at which one witness testified. At the conclusion of the 1½ hour hearing, the judge denied the motion to suppress in open court.

—On October 10, the court heard argument on other matters, including the motion to dismiss on speedy trial grounds. The motion was apparently denied.

—On October 12, Simmons entered his guilty plea.

This court affirmed Judge Griesa's denial of Simmons' motion to suppress, 763 F.2d at 532–33, but remanded the speedy trial claim. *Id.* at 532. As we noted, only that period of time that was "reasonably necessary" to the processing of appellant's motion was excludable. See *United States v. Cobb*, 697 F.2d 38, 44 (2d Cir.1982). Since the district court never explicitly ruled on appellant's speedy trial motion and made no findings as to whether all of the 117-day period from filing of the motion to the hearing was reasonably necessary to the processing of the motion, we remanded the case to the district court with instructions to state the reasons for excluding such time. 763 F.2d at 532. Judge Griesa was directed "to make appropriate findings, either upon the record as it now stands or, in his discretion, upon receipt of further evidence." *Id.*

On remand, the district court directed the parties to make submissions containing their recollection of relevant events. In response, both parties filed affidavits. Judge Griesa heard oral argument, after which he made findings concerning the events and the reasons for delay. He concluded that the entire period of 117 days from June 14 to October 9 was reasonably necessary to the processing of the motion.

In making this determination, Judge Griesa evaluated each stage in the processing of the motion to suppress. As to the period from the date of June 14 to the government's initial response on July 13,

he found that it was reasonable and that, in any event, appellant had formally agreed to an extension of the original June 28 return date to July 3, and had informally agreed to a further extension until July 13. Judge Griesa indicated that he did not try to decide the motion at this point, because "[i]t is my custom to wait a reasonable time to see if there is a reply to papers such as those filed by the government...." The court characterized the 19 days it took appellant to reply to the government's submission as reasonable and beneficial to appellant. Judge Griesa found that the government's final response, submitted 20 days later, required consideration and deliberation and the result benefited both appellant and the court. He noted that Simmons raised no objection to the timing of any of these submissions.

The district judge candidly admitted that delay attributable to his vacation "was something of a factor." He also found that some delay resulted from the post-vacation workload in his office, although he did not believe the interval before the September 21 conference constituted a lengthy postponement. He stated that during this period he reviewed and analyzed the papers submitted so that he was prepared to rule on the threshold issue of whether a hearing should be held. At the conference, he "promptly" set a hearing for October 2. Due to demands of another trial, Judge Griesa stated that he granted a "short" postponement of the hearing. When viewed in the context of the court's other work, he found that the period between the conference and the hearing was not lengthy. While recognizing that it is up to the court to enforce the requirements of the Act, he cited the fact that there was no objection by defense counsel until September 21 as "a circumstance to be noted." This renewed appeal followed.

## II.

In *United States v. Cobb*, this court rejected an interpretation of section 3161(h)(1)(F) that would automatically exclude all of the period during which a pre-

trial motion is pending from calculation of the 70-day period in which a defendant must be brought to trial. 697 F.2d at 44. Instead, based on the language of the statute and its legislative history, the court determined that

> [o]n a pretrial motion Congress intended to exclude under (F) only such time as was *reasonably necessary for the fair processing of the motion.* We conclude that the period of allowable excludable delay applicable to a pretrial motion begins automatically with the making of the motion and runs for a period of time that is *"reasonably necessary"* to conclude a hearing or to complete the submission of the matter to the court for decision. Under this view, long postponements of hearing dates, unless reasonably necessary, would not qualify as excludable time, nor would unnecessarily long extensions of time for the submission of papers.

*Id.* (emphasis added). Accord *United States v. Ray*, 768 F.2d 991, 998–99 (8th Cir.1985); *United States v. Mitchell*, 723 F.2d 1040, 1047 (1st Cir.1983); *United States v. Janik*, 723 F.2d 537, 543 (7th Cir.1983); *United States v. Novak*, 715 F.2d 810, 820 (3d Cir.1983), cert. denied 465 U.S. 1030, 104 S.Ct. 1293, 79 L.Ed.2d 694 (1984). But see *United States v. Henderson*, 746 F.2d 619, 623 (9th Cir.1984), cert. granted —— U.S. ——, 106 S.Ct. 225, 88 L.Ed.2d 224 (1985); *United States v. Horton*, 705 F.2d 1414, 1416 (5th Cir.1983). In *Cobb*, as in this case, it was necessary to remand to the district judge "who must in the first instance determine whether under all the circumstances the period of delay was reasonably necessary...." 697 F.2d at 44–45.

Simmons argues that portions of the 117-day period are not excludable under section 3161(h)(1)(F). Specifically, he contends that time spent on the second round of briefing was not reasonably necessary, since, although initiated by him, it was necessitated by the "untenable and frivolous" position taken by the government in its first response. Furthermore, after the government submitted its first response, or

at least upon completion of the second round of briefing, appellant argues that the court should have taken the matter under advisement or scheduled a hearing, rather than merely scheduling a conference. Simmons also attacks the district court's justifications for the delay between the last submission and the conference—the judge's vacation and his post-vacation workload—as improper considerations under the Act. As to delay between the conference and the hearing, Simmons argues that, particularly once the speedy trial issue was raised, it was incumbent upon the court to act as expeditiously as possible in scheduling the hearing. Appellant claims that the pendency of another trial, like congestion of the courts generally, does not justify failure to dispose of the motion promptly. He argues that his failure until September 21 to press the speedy trial issue cannot be considered by the court in its determination. Finally, Simmons stresses that the operative standard here is one of *necessity*, rather than reasonableness.

■ At the outset, it must be remembered that the speedy trial clock had nearly run before appellant pleaded guilty; only two days remained. Thus, if we find that three or more days of the 117-day period are not excludable, the indictment against Simmons must be dismissed. See *United States v. Simmons*, supra, 763 F.2d at 531. While a district court's findings of historical fact on this issue will not be disturbed unless clearly erroneous, our review of the district court's application of the legal standard set forth in *Cobb* is *de novo*. See *United States v. Henderson*, supra, 746 F.2d at 622. See generally *United States v. Rodriguez*, 786 F.2d 472, 476–77 (2d Cir. 1986).

After reviewing the district court's findings, we find that the district court did not process appellant's motion in a manner consistent with the dictates of the Act and conclude that at least three days of the 117-day period are not excludable under section 3161(h)(1)(F). As appellant reminds us, the standard set forth in *Cobb* is one of

*necessity*, albeit reasonable necessity. In contrast, although the district judge did conclude that the entire period was "reasonably necessary," he upheld specific delays as "reasonable," apparently viewing the standard simply as one of reasonableness. Much of what occurred in this case, while not objectively unreasonable, cannot be considered reasonably necessary to the processing of appellant's suppression motion.

We are particularly troubled by the district court's approach to the submission of papers. There was evidently no briefing schedule; the parties were allowed to file papers at a leisurely pace, with gaps of almost three weeks between responses even on the second round of briefing. Although extensions from the court were apparently not sought (or required), these intervals approach the "unnecessarily long extensions of time for the submission of papers" that *Cobb* indicated would not be excludable under section 3161(h)(1)(F). It may have been reasonable to give one side three weeks to file a response, once the other side took three weeks, but it is certainly not reasonably necessary to have this type of delay, especially when, as here, the legal and factual issues are not particularly complex or numerous. While the district judge correctly observed that "a pattern had been set" in the briefing of the motion, he failed to recognize the court's responsibility to ensure that briefing was handled in an expeditious fashion.

After the first round of briefing was complete, the court followed its "custom" of simply waiting to see if any further papers would come in by way of reply. Although such a reply was forthcoming in this case, this practice meant that the judge went on vacation without knowing that there would be another round of briefing. Since a second round of briefing on motions such as this one is unusual, see *Cobb*, 697 F.2d at 46 n. 8, the district court's practice would necessarily extend the time spent on pretrial motions in most cases. It also adds to the difficulty of determining when a matter is "under advisement" for the purposes of section 3161(h)(1)(J)'s 30-day time limit. See *United States v. Bu-*

*falino,* 683 F.2d 639 (2d Cir.1982), cert. denied, 459 U.S. 1104, 103 S.Ct. 727, 74 L.Ed.2d 952 (1983).

Had there been a timetable for any second round of briefing, it seems likely that Judge Griesa's vacation would not have contributed greatly to the delay. We certainly do not imply that, by taking a vacation, a district judge renders any resulting delay in the processing of pending pretrial motions nonexcludable. It is worth recalling Justice Brandeis' statement that he could get a year's work done in 11 months but not in 12. However, the delay caused in this case was unreasonably long and unnecessary, since most of it could have been avoided by proper scheduling. Although the second round of briefing was completed by August 21, an entire month passed before a conference was held to determine the threshold issue of whether or not there would be a hearing on the motion. Judge Griesa found that some of this time was spent in analyzing the papers, but we do not view this as sufficient justification for such a long delay, nor do the district court's findings explain why the conference could not have been scheduled sooner. See *United States v. Mitchell,* 723 F.2d 1040, 1048 (1st Cir.1983) (34-day delay in scheduling conference not excludable under subsection (F)).

Thereafter, although Judge Griesa characterized setting the hearing for October 2, some eleven days later, as "prompt," it must be considered in the context of an already lengthy period of delay since the filing of the motion, see *United States v. Janik,* supra, 723 F.2d at 545, and the fact that the speedy trial issue had been raised at this point. While it may not, in itself, amount to "long postponement" of a hearing date, see *Cobb,* 697 F.2d at 44, it was not entirely reasonable under the circumstances. The same is true of the subsequent postponement until October 9. While a week's delay would obviously not ordinarily constitute a "long postponement" under *Cobb,* its effect was cumulative of earlier delays in an already protracted schedule. See *United States v. Janik,* supra, 723 F.2d at 544 (subsection (F) cannot be circumvented by long delays in

scheduling hearing); *United States v. Novak,* supra, 715 F.2d at 819–20 (same). We are sympathetic to the pressures of other demands on the court's time, see *United States v. Tedeschi,* 774 F.2d 511, 514 (1st Cir.1985), but the circumstances here made it imperative to minimize further delay. This could have been accomplished by holding the hearing during a break in the pending trial, or late in the day, as appellant suggests.

■ Thus, when considered as a whole, the entire period was not reasonably necessary to the processing of the motion and the district court's conclusion to the contrary must be reversed. Were we to affirm here, this case would stand for the proposition that an eminently routine motion will automatically exclude almost four months under subsection (F), an undesirable result. Because the totality of the circumstances rendered the period not reasonably necessary in this case, rather than any specific delay, it is unnecessary to identify a particular period that should not have been excluded. However, we are able to conclude that at least three days, and probably more, of the 117-day period were not excludable under section 3161(h)(1)(F). Accordingly, the indictment must be dismissed.

Up to this point, we have resisted any rule which would set specific periods which are *per se* reasonably necessary, considering application of the standard on a case-by-case basis instead. In our previous decision in this case, we indicated our belief that "[m]ost motions will follow a reasonably expeditious course and automatically qualify for exclusion under section 3161(h)(1)(F), without the need for explanation," 763 F.2d at 532, although we did not specify what "a reasonably expeditious course" would be. Our experience here indicates that it may be advisable to follow the suggestion in the House and Senate Reports on the 1979 Amendments to the Act, see H.R.Rep. No. 390, 96th Cong., 1st Sess. 10, reprinted in 1979 U.S.Code Cong. & Ad.News 805, 814; S.Rep. No. 212, 96th Cong., 1st Sess. 34 (1979), and institute guidelines to assist the district courts, in the first instance, as well as to aid appel-

late review. We anticipate that such guidelines would specify periods that would be *per se* reasonably necessary and automatically excludable under section 3161(h)(1)(F). Longer periods would require the findings contemplated by *Cobb,* 697 F.2d at 46. However, because the interpretation of section 3161(h)(1)(F) is currently before the Supreme Court, see *United States v. Henderson,* supra, adoption of such guidelines seems premature at this point.

### III.

■ Having concluded that dismissal for violation of the Speedy Trial Act is required, we must now determine whether dismissal should be with or without prejudice. In making this decision, section 3162(a)(2) directs the court to consider, among other factors, the following: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this [Act] and on the administration of justice." 18 U.S.C. § 3162(a)(2). While this evaluation would normally be made by the district judge in the first instance, *United States v. Janik,* supra, 723 F.2d at 546, a remand is not automatically required when the issue arises for the first time on appeal, as it does in this case. Cf. *United States v. Tunnessen,* 763 F.2d 74, 79 (2d Cir.1985). In view of the lengthy proceedings in two courts that this case has already engendered, and since the record provides sufficient information on which to base an informed decision, further delay seems unwarranted.

Appellant urges us to order dismissal of the indictment with prejudice. He relies principally on *United States v. Caparella,* 716 F.2d 976 (2d Cir.1983), which involved a mail theft. On appeal, this court reversed the district court's adoption of a magistrate's findings requiring dismissal without prejudice for negligent non-compliance with section 3161(b). Simmons claims that the offense to which he pled guilty should not be considered serious because only a small amount of narcotics was involved. While admitting that the facts and circumstances leading to dismissal do not show any inten-

tional or flagrant violation of the Act, Simmons claims that the administration of justice and the administration of the Act weigh against his reprosecution.

We do not agree that dismissal of the indictment should be with prejudice. As a preliminary matter, we note that there is no presumption in favor of dismissal with prejudice in this circuit. See *Caparella,* supra, 716 F.2d at 979. Turning to the first of the factors listed in section 3162(a)(2), even though a relatively small quantity of heroin was involved here, we consider the narcotics offense to which Simmons pled guilty—possession of six glassine envelopes containing heroin with intent to distribute—"serious" within the meaning of the statute, see *Tunnessen,* supra, 763 F.2d at 75, 79 (possession of four pounds of cocaine apparently considered serious); see also *United States v. Brown,* 770 F.2d 241, 244 (1st Cir.1985), cert. denied, —— U.S. ——, 106 S.Ct. 816, 88 L.Ed.2d 789 (1986) (offenses involving four ounces of cocaine "undeniably serious"); *United States v. Russo,* 741 F.2d 1264, 1267 (11th Cir.1984) (drug offenses involving methaqualone serious). Heroin is a "hard" drug; by imposing a sentence of five years, followed by three years special parole, the district court certainly indicated that it viewed appellant's crime as a serious one. Because the court in *Caparella* found that the offense involved there was not serious, see 716 F.2d at 980, that case is distinguishable in this important respect. We conclude that the first factor weighs heavily in favor of dismissal without prejudice.

■ Where the crime charged is serious, the sanction of dismissal with prejudice should ordinarily be imposed only for serious delay. See *United States v. Hawthorne,* 705 F.2d 258, 260 (7th Cir.1983) (per curiam) (delay of nine days not serious), citing *United States v. Carreon,* 626 F.2d 528, 533 (7th Cir.1980). Although the total period at issue here was almost four months, a significant portion of the delay was excludable under section 3161(h)(1)(F). As appellant recognizes, this case did not involve intentional non-compliance with the Act, nor was it designed to gain a tactical

advantage for the government. Furthermore, Simmons has not presented evidence of prejudice. See *Caparella,* supra, 716 F.2d at 980 (lack of prejudice to defendant proper consideration). While appellant points to language in *Caparella* which suggests that even negligent non-compliance favors dismissal with prejudice, see id., in the circumstances of this case, we find that it renders the second factor neutral, at best. Finally, where the violation of the Act was unintentional and the resulting delay not overly long, and where appellant has not presented evidence of prejudice, we do not believe that the administration of justice would be adversely affected by re-prosecution.

For the foregoing reasons, the judgment of conviction entered by the district court is reversed and the case remanded to the district court with instructions to dismiss the indictment without prejudice.