UNITED STATES of America, Plaintiff,

v.

Elias NESHEIWAT, Defendant.

Civ. A. No. 93–CR–301 (FJS).

United States District Court,
N.D. New York.

May 23, 1994.

Gary L. Sharpe, U.S. Atty., Syracuse, NY, Michael C. Olmsted, Asst. U.S. Atty., of counsel, for U.S.

James K. Weeks, Fayetteville, NY, for defendant.

*DECISION AND ORDER*

SCULLIN, District Judge:

## I. INTRODUCTION

In this action, a grand jury has charged defendant Elias Nesheiwat with one count of making a false statement to the United States in violation of 18 U.S.C. § 1001 and one count of perjury in violation of 18 U.S.C. § 1623. In letter-briefs submitted to the court, both the Government and the defendant have agreed that more than 70 non-excludable days have passed from the date of arraignment and, therefore, this action must be dismissed under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). The remaining question is whether the court should dismiss this action with or without prejudice.

In the Speedy Trial Act (the "statute"), Congress specified three factors which a court must consider in deciding whether to dismiss an action with or without prejudice. These are (1) the seriousness of the offense; (2) the facts and circumstances which led to the dismissal; and (3) the impact of a reprosecution on the administration of the Act and on the administration of justice. 18 U.S.C. § 3162(a)(2). The Supreme Court added prejudice to the defendant as a fourth factor to this trio in *United States v. Taylor*, 487 U.S. 326, 334, 108 S.Ct. 2413, 2418, 101 L.Ed.2d 297 (1988) ("*Taylor*").

## II. THE SPEEDY TRIAL ACT CALCULUS

### A. Seriousness of the Charges

■ Plainly, any indictment charging a person with the commission of any crime is a serious matter. However, within the realm of crimes, those with which the defendant is charged are not very serious. Therefore, this factor weighs in favor of dismissal with prejudice.

### B. The Facts and Circumstances Leading to Dismissal

Following defendant's arraignment on September 15, 1993, subject to certain statutory exclusions, the Government had only seventy

days to bring the defendant to trial. 18 U.S.C. §§ 3161(c)(1) and (h).

The parties next appeared before the court on October 28, 1993. On that date, the court held a status conference at which defendant's counsel stated his intention to file a motion to suppress evidence. However, this did not constitute an excludable event within the meaning of the Act.[1] Defendant's counsel actually filed his motion to suppress on November 15, 1993 and the court conducted an evidentiary hearing on that motion on December 21, 1993. Thirty days after that date, the speedy trial clock once again began to run. The parties made no further effort to exclude time under the clock and the seventy day period expired on January 30, 1994.

The court bears some responsibility for the expiration of the seventy day clock. While sixty-one days had expired on the clock by the time the defendant filed his motion, had the court decided the pending motion within the thirty day period which may be excluded pursuant to 18 U.S.C. § 3161(h)(1)(F), or shortly thereafter, the clock may not have expired prior to a trial.

■ However, in this circuit, "in the absence of a factually supported finding of bad faith or a pattern of neglect by the local United States Attorney, an 'isolated unwitting violation' of the Speedy Trial Act cannot support a decision to dismiss with prejudice." *United States v. Hernandez*, 863 F.2d 239, 244 (2d Cir.1988) (*"Hernandez"*) quoting *Taylor*, 487 U.S. at 339, 108 S.Ct. at 2421. Defendant has provided no such factual support. Hence, this factor supports dismissal without prejudice.

### C. Impact of Reprosecution

The third factor to be considered is the effect that reprosecution would have "on the administration of [the Act] and on the administration of justice." 28 U.S.C. § 3162(a)(1).

In *Taylor*, the Supreme Court described as "self-evident" the proposition that

> dismissal with prejudice always sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures, reducing pretrial delays.... Nonetheless, the Act does not require dismissal with prejudice for every violation. Dismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds.

*Taylor*, 487 U.S. at 342, 108 S.Ct. at 2422, 101 L.Ed.2d 297.

The Second Circuit has held that dismissal without prejudice was appropriate where "the prosecutors assigned to the case had not exhibited a lackadaisical attitude toward the Speedy Trial Act nor had the United States Attorney's office exhibited a pattern of neglect that would justify dismissal with prejudice. While we believe that the Government bears some responsibility for the Speedy Trial Act violations, these violations were adequately redressed by requiring the Government to seek another indictment." *United States v. Wilson*, 11 F.3d 346, 353 (2d Cir. 1993), *cert. denied sub nom., Romero v. United States*, —— U.S. ——, 114 S.Ct. 1415, 128 L.Ed.2d 86 (1994) and *cert. denied sub nom., Rivera v. United States*, —— U.S. ——, 114 S.Ct. 1563, 128 L.Ed.2d 209 (1994). *See also United States v. Simmons*, 786 F.2d 479, 486 (2d Cir.1986) ("[W]here the violation of the Act was unintentional and the resulting delay not overly long, and where defendant has not presented evidence of prejudice, we do not believe that the administration of justice would be adversely affected by reprosecution.")

The Second Circuit's analysis in *Wilson* and *Simmons* indicates that reprosecution would not have a deleterious effect on the administration of the Act or the administration of justice. In reliance on this authority,

---

1. The Government submits that Nesheiwat's counsel orally moved for suppression on October 28, 1993 and the Speedy Trial clock was tolled on that date. However, the clerk's notes of that conference and the court's recollection indicate that on October 28, 1993, defendant's counsel only stated his intention to file a motion to suppress and did not actually orally move for suppression. Therefore, the period from October 28, 1993 to November 15, 1993 is not excluded from the clock.

the court finds that this factor favors dismissal without prejudice.

### D. Prejudice to Defendant

Finally, the court considers and finds that there is no evidence of prejudice to the defendant. In his March 18, 1994 letter-brief on the Speedy Trial issues, defendant's counsel asserts that his client "will suffer prejudice because the delay by its very nature would have such effect if for no other reason than recollections of the events may have dimmed." Such a generalized prejudice argument is akin to no argument at all. Under defendant's theory of prejudice, every defendant would suffer prejudice by reprosecution. Undoubtedly it is a rare criminal defendant who does not suffer substantial inconvenience, loss of opportunity for financial income and/or drain on his financial resources, limitation of associations, and public embarrassment or humiliation by the mere fact of prosecution. However, given the relatively short period of delay, absent either (a) some particularized showing as to how dismissal without prejudice would distinctively prejudice this individual defendant or (b) legal authority supporting a view that "prejudice" within the meaning of the Act encompasses that "recollection of the events **may** have dimmed" (emphasis added), this factor at best, favors neither party.

### III. CONCLUSION

The court finds that, after applying the facts of this case to the appropriate inquiry, this action is to be dismissed without prejudice.

**IT IS SO ORDERED.**