04-4545-cr
United States of America v. Oberoi

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of May, two thousand ten.

PRESENT: DENNIS JACOBS,
                         **Chief Judge**,
            AMALYA L. KEARSE,
            ROBERT A. KATZMANN,
                         **Circuit Judges**,

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
            **Appellee**,

            -v.-                                  04-4545-cr(L),
                                                   04-4693-cr(CON)
                                                   06-0968-cr(CON)

TEJBIR S. OBEROI
            **Defendant -Appellant** .
- - - - - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANT:    Michael F. Williams, Kirkland & Ellis LLP, Washington, DC.

APPEARING FOR APPELLEE:     Stephen J. Baczynski, Assistant United States Attorney, on behalf of William J. Hochul, Jr., United States Attorney, Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, J.). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **REVERSED,** and the case be **REMANDED** to the district court with instructions to dismiss the indictment without prejudice.

In light of the Supreme Court's decision in Bloate v. United States, 130 S. Ct. 1345, 1349 (2010), we reverse the district court's judgment of conviction entered against Tejbir Oberoi. "[T]he magistrates invoked the statutory exclusion--for the period between filing and disposition of a motion--to exclude the time spent preparing the motion for filing. Absent those exclusions, more than 70 days would have elapsed on Oberoi's speedy trial clock." United States v. Oberoi, 547 F.3d 436, 448 (2d Cir. 2008) vacated and remanded in light of Bloate v. United States, 130 S. Ct. 1345 (2010). In Bloate, the Supreme Court ruled that such exclusions were improper, as the time spent preparing motions cannot be excluded automatically under 18 U.S.C. § 3161(h)(1), but rather may be excluded only if a court makes

case-specific findings under 18 U.S.C. § 3161(h)(7). See Bloate, 130 S. Ct. at 1349. No such findings were made here, and so we reverse the judgment of conviction due to a violation of the Speedy Trial Act.

Dismissal of an indictment pursuant to a violation of the Speedy Trial Act may be done with or without prejudice. See 18 U.S.C. § 3162(a)(1). "While this evaluation would normally be made by the district judge in the first instance, a remand is not automatically required when the issue arises for the first time on appeal, as it does in this case." United States v. Simmons, 786 F.2d 479, 485 (2d Cir. 1986) (internal citations omitted).

"In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1). "[T]here is no presumption in favor of dismissal with prejudice in this circuit." Simmons, 786 F.2d at 485.

Oberoi's crimes were serious, as evidenced by his sentence of 63-months of imprisonment, three years of supervised release, and a $224,679.98 restitution order.

3

Cf. id. (a sentence of five years followed by three years of special parole indicated a serious crime).

"Where the crime charged is serious, the sanction of dismissal with prejudice should ordinarily be imposed only for serious delay." Id. The remaining considerations also weigh towards dismissal without prejudice, as "this case did not involve intentional non-compliance with the Act, nor was it designed to gain a tactical advantage for the government[,] . . . [and Oberoi] has not presented evidence of prejudice." Id. at 485-86. While we recognize that Oberoi has served his term of imprisonment, the issue of his payment of the restitution order would remain live following remand.

Finding no merit in any of the remaining arguments for dismissing with prejudice, we hereby **REVERSE** the judgment of the district court and **REMAND** with instructions to dismiss the indictment without prejudice.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK