**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50505 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-01440-LAB-1 |
| v. | |
| CYNTHIA MARIE BARBOZA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted October 5, 2010**
Pasadena, California

Before: PREGERSON, D.W. NELSON and IKUTA, Circuit Judges.

Cynthia Marie Barboza ("Barboza") appeals her conviction for importation

of marijuana and possession of marijuana with intent to distribute. She asserts that

certain statements she gave to Immigration and Customs Enforcement ("ICE")

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

agents following her arrest were involuntary and thus should not have been admitted at trial.

A trial court's conclusion that a statement was made voluntarily "must appear from the record with unmistakable clarity." *United States v. Brown*, 575 F.2d 746, 748 (9th Cir. 1978) (quoting *Sims v. Georgia*, 385 U.S. 538, 544 (1967)) (internal quotation marks omitted). The district court properly made a determination that Barboza's statements were voluntary. *See United States v. Jenkins*, 785 F.2d 1387, 1394 (9th Cir. 1986) (citing *Jackson v. Denno*, 378 U.S. 368, 391 (1964)); *see also Sims*, 385 U.S. at 544 (holding that the district court "need not make formal findings of fact or write an opinion" on voluntariness so long as its conclusion "appear[s] from the record with unmistakable clarity."). The district court found that Barboza "[had not] offered any evidence to [the court] or any declaration that anything she said was the product of her will being overborne," Trial Transcript at 191, and the evidence submitted by Barboza, including a declaration from her counsel and a video recording of her ICE interview, was insufficient to show "that anything that was said was the product of coercion or improper tactics by border agents." Trial Transcript at 192. "[C]oercive police activity is a necessary predicate to the finding that a confession

2

is not 'voluntary' within the meaning of the Due Process Clause . . . ." *Colorado v. Connelly*, 479 U.S. 157, 167 (1986).

"We review de novo the voluntariness of a criminal suspect's statements to law enforcement officers." *United States v. Okafor*, 285 F.3d 842, 846–47 (9th Cir. 2002). The district court's factual findings underlying its determination of voluntariness are reviewed for clear error. *United States v. Haswood*, 350 F.3d 1024, 1027 (9th Cir. 2003).

The district court's finding is entirely supported by the law. As we have explained,

> A confession is involuntary if coerced either by physical intimidation or psychological pressure. In determining whether a defendant's confession was voluntary, the question is whether the defendant's will was overborne at the time he confessed. . . . Therefore, we must consider the totality of the circumstances involved and their effect upon the will of the defendant.

*United States v. Crawford*, 372 F.3d 1048, 1060 (9th Cir. 2004) (internal citations and quotation marks omitted). There was no physical intimidation or psychological pressure in this case. Barboza was questioned for 20 minutes in a brightly lit office. The ICE agents sat several feet away from her, and were polite and respectful. They ceased questioning when she asked for an attorney and reassured her that she was within her rights in refusing to speak. Although

3

Barboza was held for nine hours prior to her interview, the delay was largely a result of Barboza's self-reported high blood pressure condition, which required a trip to the hospital. Thus, the totality of the circumstances makes clear that Barboza's statements were given voluntarily.

AFFIRMED.