82 F.3d 419
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Verlin BIVENS, Defendant-Appellant.
 No. 95-5272.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1996.
 
 Before: JONES and BATCHELDER, Circuit Judges, and Cook, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Verlin Bivens bases this appeal of his jury conviction upon, inter alia, violation of both his Sixth Amendment speedy trial right and the Speedy Trial Act, 18 U.S.C. §§ 3161-3174 (1984 & Supp.1995) ("the Act"). We find no Sixth Amendment violation, but because we REVERSE and REMAND on the Speedy Trial Act question, we do not reach the merits of the remaining issues Bivens raises on appeal, i.e., those unrelated to speedy trial considerations.
 
 I.
 
 2
 On July 7, 1993, Verlin Bivens was arrested and charged with three counts of criminal conduct.[1] Bivens' case proceeded uneventfully until January 14, 1994, when, after Bivens filed objections to a magistrate's report and recommendation, the case was apparently "lost." No further action on the case took place until June 7, 1994, when Bivens' counsel notified the district court that this matter was not on the court's docket.[2] Following this notification, the case which once was "lost" now was "found" and proceeded as it otherwise would have.
 
 
 3
 The delay in the proceedings prompted Bivens to file a motion to dismiss based on violations of his right to a speedy trial. The district court denied the motion based on its computation of excludable time according to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"). The trial judge determined that, although both the United States Attorney and the court itself bore responsibility for the lack of activity in the case. Bivens himself was equally responsible for the delay because he failed to bring to the court's attention the fact that the case was languishing. The court further found that nearly three months of the period between January 14 and June 7, 1994, would have been excludable had the case proceeded normally, referring, in support of this contention, to the actual process that occurred once the proceedings were again under way after June 7, 1994.
 
 
 4
 In October 1994, the case was tried before a jury which convicted Bivens.[3] This timely appeal followed.
 
 II.
 
 5
 We look first to Bivens's claim that he was denied his right under the Sixth Amendment to a speedy trial, since if that claim were meritorious, we would not need to address any other assignments of error. Under the four-part test promulgated in Barker v. Wingo, 407 U.S. 514 (1971), this claim fails. Barker requires us to balance the following factors present in Bivens' case: a sixteen month delay, an administrative snafu which was the undisputed reason for the delay, Bivens' failure to assert the speedy trial right for six months, and the minimal prejudice to which he points as a result of the delay. While we do not condone the course of events here, and we do not intend our decision to be read as requiring that a criminal defendant be held responsible for keeping the court's feet to the fire, nonetheless, we conclude that the delay in Bivens's case does not rise to the level of a constitutional deprivation. See, United States v. White, 985 F.2d 271 (6th Cir.1993).
 
 III.
 
 6
 We review the district court's interpretation of the Speedy Trial Act de novo. United States v. Carroll, 26 F.3d 1380, 1390 (6th Cir.1994). The Speedy Trial Act can be invoked only when a motion to dismiss is brought by a defendant prior to trial. 18 U.S.C. § 3162(a)(2); United States v. White, 985 F.2d 271, 274 (6th Cir.1993). A defendant must alert the district court to a potential violation of the Speedy Trial Act with some degree of specificity in order to assert his rights under the Act. United States v. Brown, 761 F.2d 1272, 1277 (9th Cir.1985). The Government contends that Bivens did not comply with this requirement. We disagree.
 
 
 7
 On July 25, 1994, Bivens filed a Motion to Dismiss which referred to both the Sixth Amendment and the Speedy Trial Act, and cited 18 U.S.C. § 3161. Furthermore, the district court based its denial of the motion in part on an explicit analysis of the Speedy Trial Act, including a calculation of excludable delays pursuant to 18 U.S.C. § 3161(h). In light of this analysis, we conclude that the trial court clearly was alerted to Bivens' assertion of his rights under the Act and we find no defect in his timely Motion. See Brown, 761 F.2d at 1277.
 
 
 8
 We turn next to whether the Speedy Trial Act was violated. The Act requires that Bivens be brought to trial within seventy days of his indictment. 18 U.S.C. § 3161(c)(1). However, this stringent seventy-day rule is softened by allowing excludable periods of delay for consideration of motions, pretrial proceedings, competency examinations, and other procedural matters. 18 U.S.C. § 3161(h). Bivens challenges the trial court's calculation of excludable time only for the period between January 14 and June 7, 1994. Although we largely limit our review of the calculation of excludable time to that period, we note, of course, that we must consider the entire period of time, from the point at which the Speedy Trial Act time began to run on July 7, 1993, through the beginning of trial in October 1994.
 
 
 9
 After careful review of the trial court's docket and its calculation of excludable time for the January to June, 1994, period, we find that the delay in bringing Bivens to trial violated the Act. First, the district court explicitly excluded the time it would have taken the court during the January to June period to dispose of Bivens' January 14th objections to the report and recommendation of the magistrate judge, and found no Speedy Trial Act violation pursuant to 18 U.S.C. § 3161(h)(1)(F). Second, the district court then actually disposed of the objection in the period following June 1994. In so doing, the trial court tacitly found this period of actual decision-making excludable under the Act. Thus the disposition time for Bivens's objections was excluded twice--once hypothetically and once actually--from the calculation of his seventy days under the Act. We have considerable sympathy for the district court under the circumstances of this case, but we find such "double counting" unacceptable. Although the delay was certainly not intentional on the part of the court or either of the parties, it is not the defendant's burden to remind the court to comply with the Speedy Trial Act.
 
 
 10
 When the excludable periods of delay are properly counted, the time from Bivens' indictment to commencement of trial exceeded the seventy day requirement and resulted in a clear violation of the Speedy Trial Act. "If a defendant is not brought to trial within the time limit required by [the Speedy Trial Act] the ... indictment shall be dismissed...." 18 U.S.C. § 3162(a)(2).
 
 
 11
 Accordingly, we REVERSE and REMAND this case to the district court with instructions to dismiss the indictment. We leave the decision whether to dismiss with or without prejudice to the sound discretion of the district court. United States v. Taylor, 487 U.S. 326, 108 S.Ct. 2413 (1988).
 
 
 
 *
 The Honorable Julian A. Cook, Chief Judge for the United States District Court of the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Count One alleged possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1); Count Two alleged manufacturing of marijuana in violation of 21 U.S.C. § 841(a)(1); Count Three alleged possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)
 
 
 [2]
 The district court clerk's office received a handwritten letter from the incarcerated Bivens on June 6, 1994, seeking a new attorney. Due to a mislabeling of the envelope, the district court judge did not receive the letter until after his contact with defense counsel
 
 
 [3]
 Bivens pleaded guilty to Count One and was found guilty on Counts Two and Three