# United States Court of Appeals
## For the First Circuit

No. 10-1413

UNITED STATES OF AMERICA,

Appellee,

v.

JUAN HUETE-SANDOVAL, a/k/a Oswaldo Rosario, a/k/a Armando
González, a/k/a Armando González-Santoni, a/k/a Osvaldo Rosario,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Torruella, Siler,[*] and Howard
Circuit Judges.

Vivianne M. Marrero-Torres, Assistant Federal Public Defender,
with whom Héctor E. Guzmán, Jr., Federal Public Defender, was on
brief for appellant.
Evelyn Canals-Lozada, Assistant United States Attorney, with
whom Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson
Pérez-Sosa, Assistant United States Attorney, Chief, Appellate
Division and Luke Cass, Assistant United States Attorney, United
States Attorney's Office were on brief, for appellee.

[*]Of the Sixth Circuit, sitting by designation.

December 29, 2011

**HOWARD, Circuit Judge.** On September 22, 2009, a jury convicted defendant-appellant Juan Huete-Sandoval ("Huete") of various crimes related to his alleged fraudulent acquisition and use of a United States passport. On appeal, Huete argues, inter alia, that the district court erred in denying his motion to dismiss for an alleged violation of the Speedy Trial Act ("STA"). We agree with his position. For the reasons elucidated below, we reverse the district court's order and remand with instructions to determine whether the indictment should be dismissed with or without prejudice.[1]

## I. Background

On May 13, 2009, Huete was charged in a three-count indictment with making false statements in a passport application, falsely representing that he was a United States citizen, and aggravated identity theft. See 18 U.S.C. §§ 1542, 911, 1028A. At his arraignment on May 18, Huete pled not guilty, and the magistrate judge granted, sua sponte, five days for discovery and ten days thereafter for additional motions. Neither party objected, and no pretrial motions were filed. Trial was subsequently set for August 11, 2009.

---

[1] Huete additionally raised a Confrontation Clause challenge, asserting that an admitted exhibit should have been excluded on the grounds that it was testimonial in nature. Because we agree with Huete's argument that his right to a speedy trial was violated, thus warranting dismissal, we need not address the issue of confrontation on this appeal.

On July 16, during a pretrial conference, the parties informed the court that a plea offer had been extended to Huete. Discussions proved unfruitful, however, and at a July 22 status conference, defense counsel indicated his intent to request a continuance to facilitate further plea negotiations. The court noted the following in the status conference minutes:

> Parties were not able to reach a plea agreement in this case. Counsel for the defendant informed that will [sic] be filing a motion requesting continuance of the jury trial set for August 11, 2009 in order to attempt to reach a plea agreement with the United States. The Court informed that <u>in the event more time for plea negotiation is requested, maybe [sic] granted</u> pursuant to 18 U.S.C. § 3161(h)(7)(A), that the Speedy Trial shall be tolled "in the best interest of justice" and "such action outweighs the best interest of the public and the defendant in a speedy trial" in order for the parties to reach an agreement in this case.

Minutes of July 22, 2009 Pretrial Conference at 1, <u>United States</u> v. <u>Huete-Sandoval</u>, Cr. No. 09-170 (D.P.R. July 22, 2009) (emphasis added). Huete never requested a continuance, and no further plea negotiations occurred. Instead, on August 7, just four days before the trial was scheduled to begin, Huete filed a motion to dismiss the indictment, alleging that his statutory right to a speedy trial had been violated. <u>See</u> 18 U.S.C. § 3161(c)(1) (requiring criminal

-4-

trials to begin within seventy days of the later of the defendant's initial appearance or the filing of the charging instrument).[2]

The court denied Huete's motion, finding that the fifteen days granted for discovery and preparation of pretrial motions were excludable under the STA, and that his trial would therefore begin well within the prescribed seventy-day period. See id. §§ 3161(c)(1), 3161(h)(1). Huete was ultimately convicted by a jury on all three counts and sentenced to twenty-nine months' imprisonment. This timely appeal ensued.

## II. Analysis

We review "the district court's denial of a motion to dismiss based upon the Speedy Trial Act de novo as to legal rulings and for clear error as to factual findings." United States v. Maxwell, 351 F.3d 35, 37 (1st Cir. 2003). We also review de novo the calculation of days included and excluded for purposes of the STA. United States v. Barnes, 159 F.3d 4, 10-11 (1st Cir. 1998).

The Speedy Trial Act requires that a criminal defendant's trial commence within seventy days from the filing of the information or indictment, or from the date of the defendant's initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). If the defendant is not brought to trial within such

---

[2] Huete did not assert that his right to a speedy trial under the Sixth Amendment had been violated, nor does he on appeal. He limits the scope of his argument to the statutory prescriptions of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, and we limit our analysis accordingly.

time, "the information or indictment shall be dismissed on motion of the defendant," either with or without prejudice. Id. § 3162(a)(2). Certain delays, however, are recognized by the Act as justifiable, and are therefore excludable from the seventy-day clock. Id. § 3161(h). Two such exclusions are of particular relevance to this appeal.

The first, invoked by the district court in denying Huete's motion to dismiss, requires the automatic exclusion of "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to" eight enumerated subcategories of proceedings. Id. § 3161(h)(1). Specifically, subsection (h)(1)(D) compels the automatic exclusion of "[a]ny period of delay . . . resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." Id. § 3161(h)(1)(D).

The second relevant exclusion, commonly referred to as the "ends-of-justice" provision, permits the court to exclude delays resulting from continuances granted "on the basis of [the judge's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Id. § 3161(h)(7)(A). This exclusion, unlike § 3161(h)(1), is not automatic; rather, the court is required to "set[] forth, in the record of the case, either orally or in writing, its reasons" for granting an ends-of-justice continuance.

Id. Such findings must, at the very least, be entered into the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2). Zedner v. United States, 547 U.S. 489, 507 (2006).

Here, Huete's seventy-day speedy trial clock was triggered by his May 18 arraignment and stopped when he filed his motion to dismiss on August 7. See 18 U.S.C. § 3161(c)(1); United States v. Hood, 469 F.3d 7, 9 (1st Cir. 2006) ("The speedy trial clock . . . stops the day the defendant files a motion to dismiss for lack of a speedy trial."). Excluding the July 16 and July 22 pretrial conferences, we thus calculate that a total of seventy-nine days elapsed between Huete's arraignment and his motion to dismiss. See United States v. Santiago-Becerril, 130 F.3d 11, 16 (1st Cir. 1997) (finding the day of a pretrial conference excludable pursuant to 18 U.S.C. § 3161(h)(1)). Huete's appeal hinges, therefore, on whether there were at least nine additional days of excludable delay under the STA. The government identifies two distinct time frames, either of which, if excluded, would bring Huete's trial date within the permissible bounds of the Speedy Trial Act's seventy-day window. We consider each of these in turn.

**A. Time granted for discovery and pretrial motions**

The first potential period of excludability is comprised of the fifteen days granted by the magistrate judge for discovery and preparation of pretrial motions. In its order denying Huete's

motion to dismiss, the district court deemed this delay excludable from the speedy trial calculus, and strongly implied its dependence on § 3161(h)(1) in doing so.[3]  This finding was not inconsistent with First Circuit precedent then in effect.  In United States v. Jodoin, 672 F.2d 232 (1st Cir. 1982), upon which the district court relied in part, we suggested that delays emanating from the preparation of pretrial motions might fall within the ambit of § 3161(h)(1).  See id. at 237-39.  The Supreme Court, however, in a decision post-dating the district court's order, held otherwise.

In Bloate v. United States, 130 S.Ct. 1345 (2010), the Court explicitly abrogated Jodoin, along with decisions of seven other Courts of Appeals, and interpreted the scope of § 3161(h)(1)(D) more narrowly.  Relying principally on the statutory language -- which permits the exclusion of "delay resulting from any pretrial motion, from the filing of the motion through the . . . disposition of[] such motion" -- the Court held that delays resulting from mere preparation of pretrial motions are not automatically excludable under § 3161(h)(1)(D).  See Bloate,

_____

[3] The district court's brief order rested predominantly on language from United States v. Garrett, 45 F.3d 1135 (7th Cir. 1995), and United States v. Castillo-Pacheco, 53 F. Supp. 2d 55 (D. Mass. 1999), both of which held that delay due to the preparation of pretrial motions is excludable pursuant to § 3161(h)(1). Specifically, the order quoted Castillo-Pacheco for the proposition that "[t]he majority of circuits has agreed that delay attributable to the preparation of pretrial motions is excludable under § 3161(h)(1)."  See 53 F. Supp. 2d at 58.

-8-

130 S.Ct. at 1353 (emphasis added).[4] Rather, the Court found that such delays may only be excluded pursuant to the ends-of-justice provision, provided that the trial court makes the appropriate case-specific findings that the benefits outweigh the costs, as required by § 3161(h)(7). Id. at 1353-54.[5]

Here, neither the magistrate judge in granting the time, nor the trial judge in denying Huete's motion to dismiss, made the requisite ends-of-justice finding. The government contests this point, asserting that the trial judge couched his order in the language of § 3161(h)(7). This argument, however, is not supported by the record. To the extent that the order referenced the text of subsection (h)(7), it was purely for the purpose of delineating the STA's general exclusionary framework, and omitted the necessary case-specific cost-benefit analysis. See 18 U.S.C.

---

[4] The precise issue in Bloate was whether there should have been an automatic exclusion for the period commencing with the defendant's request to extend the deadline previously set for filing pretrial motions. The Court's holding, however, applies to pretrial motion preparation time in gross.

[5] The government contends that time granted for preparation of pretrial motions, while perhaps not automatically excludable pursuant to § 3161(h)(1)(D), may nevertheless be automatically excluded as "other proceedings" under the non-limiting language of § 3161(h)(1). This argument was directly foreclosed by the Court in Bloate. See Bloate, 130 S.Ct. at 1352 ("The Government contends that the time the District Court granted petitioner to prepare his pretrial motions is automatically excludable under subsection (h)(1). We disagree, and conclude that such time may be excluded only when a district court enters appropriate findings under subsection (h)(7)." (emphasis added)).

§ 3161(h)(7)(A). The order cannot reasonably be read as basing the exclusion upon the ends-of-justice provision.

In any event, whether or not the district court's order drew support from § 3161(h)(7) is of no moment, as the ends-of-justice finding must be recorded "by the time [the] district court rules" on the motion to dismiss. See Zedner, 547 U.S. at 506-07; see also id. at 506 ("[T]he Act is clear that the [ends-of-justice] findings must be made, if only in the judge's mind, before granting the [delay for discovery and preparation of pretrial motions]." (emphasis added)). No such timely finding was made.

Thus, in light of Bloate, and given the absence of any recorded ends-of-justice finding, the district court's exclusion of ten days for preparation of pretrial motions constituted reversible error.[6] See, e.g., United States v. O'Connor, 656 F.3d 630, 638 (7th Cir. 2011) (applying Bloate retroactively, and holding that the district court erred in automatically excluding time for preparation of pretrial motions pursuant to 18 U.S.C. § 3161(h)(1)(D), where no ends-of-justice finding was made); United States v. Oberoi, 379 F. App'x 87 (2d Cir. 2010) (summary order) (same).[7]

---

[6] We are not required to address the five days attributable to discovery, but we have significant doubt that such time was automatically excludable.

[7] Not only did Huete preserve the STA issue, but also because his appeal is on direct review, Bloate applies retroactively. See Griffith v. Kentucky, 479 U.S. 314, 328 (1987) ("[A] new rule for

## B. July 22 to August 7, 2009

The second potential period of excludability, asserted by the government as an alternative basis for affirmance, encompasses the sixteen days between the July 22 pretrial conference and the filing of Huete's motion to dismiss on August 7. Relying on our holding in United States v. Scantleberry-Frank, 158 F.3d 612 (1st Cir. 1998), the government contends, in essence, that by indicating his intent to request a continuance but never doing so, Huete effectively sandbagged the proceedings, lulling the court and the prosecution into a false sense of security only to turn around and employ the trial schedule as grounds for dismissal. While we caution against such conduct in the abstract, the facts presented here do not support the government's argument.

In Scantleberry-Frank, the trial was pushed beyond the STA's seventy-day window at the direct request of defense counsel, who indicated her unavailability for the originally scheduled date. 158 F.3d at 613. Subsequently, on the eve of trial, the defendant filed a motion to dismiss the indictment on STA grounds. Id. The district court denied the motion, and we affirmed the denial on appeal, holding in relevant part:

> Because the continuance was granted to aid
> defense counsel . . . the period [continued at

the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past.").

-11-

her request] is excludable. [. . .] To hold otherwise would be to subvert the purpose of the STA, and allow defense counsel to "sandbag" the district court. [. . .] Defense counsel cannot have it both ways. Either she must agree that the continuance granted for her benefit be excluded from STA consideration, or she must object to the continuance. To permit defense counsel to have both the continuance and the time included in the STA calculus is impermissible.

Id. at 615-16; see also United States v. Pringle, 751 F.2d 419, 434 (1st Cir. 1984) (affirming the district court's denial of defendant's motion to dismiss on STA grounds, and holding that the defendant cannot "lull[] the court and prosecution into a false sense of security only to turn around later and use the [speedy trial waiver]-induced leisurely pace of the case as grounds for dismissal"); United States v. Pakala, 568 F.3d 47, 60 (1st Cir. 2009) ("[Defendant] would obtain an 'unfair advantage' by benefitting from his continuances and then later claiming that he was somehow prejudiced by the district court's actions.").

There is nothing in the record here to suggest that Huete similarly seduced anyone. To be sure, Huete indicated a vague future intent to seek a continuance; yet the court, as evidenced by the conditional language of its ends-of-justice notation, fully recognized the prospective nature of Huete's request. See July 22 Pretrial Minutes, at 1 ("[I]n the event more time for plea negotiation is requested, maybe [sic] granted pursuant to 18 U.S.C. § 3161(h)(7)(A), that the Speedy Trial shall be tolled 'in the best

-12-

interest of justice'. . . ." (emphasis added)).  The court was neither lulled to sleep nor hoodwinked by Huete's actions -- indeed, in stark contrast to the critical facts in Scantleberry-Frank, a continuance here was never granted (or even requested), and the trial date was never actually changed.  Huete's purported "improper gamesmanship" simply had no dilatory consequence, and we therefore find the sandbagging argument unpersuasive.

If Huete is guilty of anything during this time frame, it is that he failed to object to the trial date prior to filing his August 7 motion to dismiss.  The record, however, discloses nothing about when counsel discovered the STA issue.  In this case, the failure to object sooner "does not constitute working both sides of the street," and is not fatal to the defendant's claim.  See Barnes, 159 F.3d at 15 (internal quotation marks omitted).  Under the circumstances presented here, the defendant should not be charged with ensuring the court's compliance with the Act's requirements.  See id.; United States v. Bivens, 82 F.3d 419, 1996 WL 166747, at *2 (6th Cir. 1996) (unpublished table decision) ("Although the delay was certainly not intentional on the part of the court or either of the parties, it is not the defendant's burden to remind the court to comply with the Speedy Trial Act."); United States v. Breen, 243 F.3d 591, 596 (2d Cir. 2001) ("Nor do we suggest that [the defendant] 'waived' his speedy trial claims since he had no obligation to take affirmative steps to [e]nsure

-13-

that [he] would be tried in a timely manner."  (internal quotation marks omitted)).  Thus, on this record, we conclude that the sixteen days between July 22 and August 7, 2009, were not excludable pursuant to the STA and in light of prior circuit precedent.[8]

### III. Conclusion

Additional claims of error need not be decided.  For the aforementioned reasons, we reverse the district court's order denying Huete's motion to dismiss, and remand to determine whether the indictment should be dismissed with or without prejudice, taking into account the factors specified in 18 U.S.C. § 3162(a)(2).[9]

---

[8] We note that other circuits are divided as to whether plea negotiations are automatically excludable from the Speedy Trial Act calculation as "other proceedings" pursuant to 18 U.S.C. § 3161(h)(1).  Compare United States v. Leftenant, 341 F.3d 338, 344-45 (4th Cir. 2003) (holding that plea negotiations trigger automatic exclusion pursuant to 18 U.S.C. § 3161(h)(1)); United States v. Van Someren, 118 F.3d 1214, 1218-19 (8th Cir. 1997) (same); United States v. Montoya, 827 F.2d 143, 150 (7th Cir. 1987) (same); United States v. Bowers, 834 F.2d 607, 610 (6th Cir. 1987) (same), with United States v. Alvarez-Perez, 629 F.3d 1053, 1058 (9th Cir. 2010) (holding that plea negotiations do not trigger automatic exclusion pursuant to 18 U.S.C. § 3161(h)(1)); United States v. Lucky, 569 F.3d 101, 107 (2d Cir. 2009) (same).  We need not and do not reach that issue here.  To the extent the parties entered plea negotiations between July 16 and July 22, the total number of days excluded would be insufficient to avoid a violation of the Speedy Trial Act.

[9] Such factors include, but are not limited to, the following: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."  18 U.S.C. § 3162(a)(2).