UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


United States of America

    v.                                                      Criminal No. 16-cr-33-JL
                                                      Opinion No. 2020 DNH 127

Daniel E. Musso


## MEMORANDUM ORDER


Defendant Daniel E. Musso's motion to dismiss the charges against him turns on whether the period of delay between the initiation of those charges and his forthcoming trial violates either the Speedy Trial Act, see 18 U.S.C. § 3161, or the right to a speedy trial enshrined in the Sixth Amendment of the United States Constitution. Musso was arrested in January 2016 and ultimately charged with four counts of receiving an unregistered firearm and one count of receiving explosive materials in violation of 26 U.S.C. § 5861(d) and 18 U.S.C. § 842(a)(3)(A), respectively. His trial, originally scheduled for May 2016, has been delayed by a series of his own requested continuances, proceedings to establish his mental competency, a successful interlocutory appeal of this court's dismissal of the four counts of receiving an unregistered firearm, and the COVID-19 pandemic.

The defendant agrees that much of this delay is excludable from the Speedy Trial Act's 70-day limit but argues that one or more of three periods are non-excludable, causing the 4.5-year delay to violate that Act. As explained below, each of those three periods is excludable under the Speedy Trial Act, so the Act has not been violated. And

because the delay is justifiable, Musso has not been denied his right to a speedy trial as guaranteed by the Sixth Amendment. His motion to dismiss the indictment is accordingly denied.

## I.     <u>Applicable legal standard</u>

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI. Through the Speedy Trial Act, Congress has "imposed specific time limitations on the district courts in order to make the Sixth Amendment right to a speedy trial more effective." United States v. Scott, 270 F.3d 30, 53 (1st Cir. 2001) (citations omitted). It "generally requires a trial to begin within 70 days of the filing of an information or indictment or the defendant's initial appearance," though it also "includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." Zedner v. United States, 547 U.S. 489, 497 (2006) (citing 18 U.S.C. § 3161).

## II.     <u>Background</u>

Musso was arrested on January 27, 2016 and indicted a month later on four counts of receiving an unregistered firearm—specifically, grenades—in violation of 26 U.S.C. § 5861(d).[1] He moved for pretrial release on March 28, 2016. The court rejected this

---

[1] Indictment (doc. no. 12). A superseding indictment, filed in July 2017, added one count of receiving explosive materials in violation of 18 U.S.C. § 842(a)(3)(A). Superseding Indictment (doc. no. 47) at 5.

request.[2] The parties agree that the 31 days between the indictment and Musso's motion for pretrial release are not excludable under the Speedy Trial Act.[3]

Though Musso's trial was originally scheduled to begin on May 3, 2016, he moved to continue that trial several times between April 12, 2016 and February 24, 2017.[4] The court granted each motion, concluding that "the ends of justice served by a continuance outweigh[ed] the best interest of the public and the defendant in a speedy trial . . . for the reasons set forth in the motion."[5] And following each grant, Musso filed an affirmative waiver of his speedy trial rights.[6] Musso does not dispute that the periods covered by these continuances are excludable under the Speedy Trial Act.[7]

Musso again moved successfully to continue his trial for 30 days on February 24, 2017.[8] Had the court granted the motion on its own terms, that 30-day continuance would have expired on April 7, 2017. Rather than scheduling a new trial date, however, the court held a conference on March 21, 2017,[9] during which Musso's counsel raised

---

[2] See Mot. for Bail (doc. no. 16); Order Denying Mot. for Bail (doc. no. 23).

[3] See Gov't Obj. (doc. no. 126) at 5 & n.2.

[4] See Mots. to Continue Trial (doc. nos. 24, 27, 30, 33, 36).

[5] Orders Granting Mots. to Continue Trial (doc. nos. 25, 28, 31, 34, 37).

[6] Waivers of Speedy Trial (doc. nos. 26, 29, 32, 35, 38).

[7] See Gov't Obj. at 5 & n.2; Gov't App'x 1 (doc. no. 126-1); Reply (doc. no. 127) (not disputing these characterizations).

[8] Mot. to Continue Trial (doc. no. 39).

[9] See Order Granting Mot. to Continue Trial (doc. no. 40) (directing clerk to schedule a conference); March 1, 2017 and March 13, 2017 Scheduling Notices.

competency issues with the court.[10]  Musso's counsel subsequently filed a mental status examination report.[11]  The court held another status conference on May 10, 2017, after which it continued the trial "pending a determination of the issues concerning the defendant's mental status" and ordered Musso to undergo a psychiatric examination pursuant to 18 U.S.C. §§ 4241 and 4242.[12]

Musso obtained new counsel and moved the court to reconsider that order.  During a hearing held on October 26, 2017, the court granted that motion, found Musso competent to stand trial, and vacated its order requiring a psychiatric evaluation.[13]  It then proposed a December 5, 2017 trial date.[14]  Though the prosecution represented that it was prepared to try the case in December, Musso's counsel requested additional time to obtain and review discovery.[15]  Based on that request, the court set trial to begin on January 9, 2018.[16]

---

[10] Though it was held off the record, as explained infra Part III.A.2, evidence supports the conclusion that Musso's counsel raised this issue during this conference.

[11] Evaluation Report (doc. no. 41).

[12] See Procedural Order of May 10, 2017 (doc. no. 44).

[13] See Tr. of Oct. 26, 2017 Mot. Hr'g, Musso Ex. A (doc. no. 125-2) at 17–18.

[14] Id. at 18.

[15] Id. at 18, 20–21.

[16] Id. at 22.

Musso moved on December 19, 2017 to continue that trial date,[17] a motion to which the prosecution objected in light of the increasing length of time between Musso's January 2016 arrest and his upcoming trial.[18]  The court granted Musso's motion, finding the continuance "appropriate in the interest of justice based on the circumstances of this case."[19]  Rather than continue the trial for only 30 days, however, the court rescheduled it for April 3, 2018, to give Musso time to file, and the court time to resolve, his proposed dispositive motion.[20]

As anticipated, Musso moved to dismiss the indictment.  The court granted that motion in part on March 9, 2018, dismissing Counts 1 through 4—those charging him with receiving an unregistered firearm—on the grounds that the four grenades he received were not "firearms" as defined by the National Firearms Act.[21]  The prosecution noticed its appeal of that decision on March 23, 2018.[22]  The court stayed the case pending resolution of that appeal[23] and, on April 17, 2018, granted Musso's motion for pretrial release.[24]

---

[17] Mot. to Continue Trial (doc. no. 67).

[18] Obj. to Mot. to Continue (doc. no. 69).

[19] Order on Mot. to Continue (doc. no. 70) at 3.

[20] Id.

[21] Order on Mot. to Dismiss (doc. no. 77).

[22] Notice of Appeal (doc. no. 79).

[23] Procedural Order (doc. no. 81).

[24] Order of April 17, 2018; Memorandum of Decision (doc. no. 92).

The Court of Appeals interpreted the National Firearms Act's prohibition to include the grenades that Musso allegedly received and reversed the dismissal of Counts 1–4. United States v. Musso, 914 F.3d 26, 33-34 (1st Cir. 2019). Its mandate issued on March 15, 2019, and the court subsequently lifted its stay and resumed proceedings. After one more motion to continue his then-scheduled April 2, 2019 trial, which the court granted,[25] Musso entered into a plea agreement on April 15, 2019.[26]

After yet another change of counsel and additional continuances, Musso withdrew his plea agreement and elected to go to trial.[27] And after a further series of continuances requested by Musso, he filed the motion at bar, arguing that the amount of time that charges have been pending against him without a trial violates both the Speedy Trial Act and the Sixth Amendment of the United States Constitution.[28] Though his trial was scheduled to begin in April 2020, it was further continued under the court's standing orders continuing jury trials in light of the COVID-19 epidemic. The court did, however, hold a videoconference hearing on his motion to dismiss on June 15, 2020, which Musso attended. As this motion is denied for the reasons explained below, trial in this case (the first trial held by the court since the onset of the COVID-19 pandemic) will commence August 4, 2020.

---

[25] Mot. to Continue (doc. no. 108); Order Granting Mot. to Continue (doc. no. 109).

[26] Plea Agreement (doc. no. 110).

[27] The case was transferred to a different district judge on August 20, 2019.

[28] Mot. to Dismiss (doc. no. 125).

**III. Analysis**

In performing a Speedy Trial Act analysis, the court first "do[es] the basic mathematics and determine[s] the aggregate time elapsed awaiting trial." United States v. Barnes, 159 F.3d 4, 10 (1st Cir. 1998) (quoting United States v. Staula, 80 F.3d 596, 600 (1st Cir. 1996)). It "then ascertain[s] how many days should be excluded from the total time." Id. If the number of days not excluded exceeds 70, the Speedy Trial Act has been violated. See 18 U.S.C. §3161(c)(1). ("[T]he trial of a defendant charged in . . . an indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the . . . indictment . . . .").

Musso's speedy trial clock began with the filing of his indictment on February 24, 2016.[29] Id. His trial is presently scheduled for the 2-week period beginning August 4, 2020. By the time trial begins, almost 4.5 years—around 1,623 days—will have elapsed since his indictment. Musso does not dispute that the vast majority of this time is excluded from the Speedy Trial Act's 70-day limitation. This excluded time amounts to some 4 years (approximately 1,480 days), including:

---

[29] Indictment (doc. no. 12).

| Excluded Time | | | |
|---|---|---|---|
| **From** | **To** | **Days** | **Period** |
| 3/28/2016 | 4/6/2017 | 374 | Musso's motion for pretrial release through April 7, 2017, the day the continuance granted in response to Musso's February 24, 2017 motion to continue would have expired. |
| 5/10/2017 | 10/26/2017 | 169 | The court's order requiring a mental competency evaluation through the court's vacation of that order. |
| 12/19/2017 | 3/9/2018 | 80 | Musso's December 19, 2017 motion to continue through the March 9, 2017 partial grant of Musso's motion to dismiss. |
| 3/23/2018 | 3/15/2019 | 357 | The duration of the prosecution's appeal, ending when the Court of Appeals issued its mandate. |
| 3/18/2019 | 3/21/2019 | 3 | Musso's March 18, 2019 motion to compel permission of defense counsel's attendance at testing of the grenades to the court's order granting it. |
| 3/27/2019 | 8/4/2020 | 496 | Musso's March 27, 2019 motion to continue through the currently-scheduled trial date. |

The parties further agree that 39 non-excludable days have passed since Musso's

indictment.[30] This non-excludable time includes:

| Non-Excludable Time | | | |
|---|---|---|---|
| **From** | **To** | **Days** | **Period** |
| 2/24/2016 | 3/28/2016 | 31 | Indictment through Musso's motion for pretrial release. |
| 3/15/2019 | 3/18/2019 | 3 | The issuance of the Court of Appeals's mandate through Musso's motion to compel permission of defense counsel's presence at testing of the grenades. |
| 3/21/2019 | 3/27/2019 | 5[31] | Grant of Musso's motion to compel through Musso's March 27, 2019 motion to continue trial. |

---

[30] See Gov't Obj. at 5 & n.2; Reply ¶¶ 1–4.

[31] The parties dispute whether this period covers 5 or 6 days.  Because this dispute does not affect resolution of this motion, the court does not resolve it here.

This leaves three periods in dispute:

| Disputed Time | | | |
|---|---|---|---|
| **From** | **To** | **Days** | **Period** |
| 4/7/2017 | 5/10/2017 | 33 | Date when continuance from Musso's February 24, 2017 motion to continue would have expired through court's order of psychiatric evaluation. |
| 10/26/2017 | 12/19/2017 | 54 | October 26, 2017 hearing after which the court vacated its order requiring psychiatric evaluation through Musso's December 19, 2017 motion to continue. |
| 3/9/2018 | 3/23/2018 | 14 | Grant of Musso's motion to dismiss through the prosecution's notice of interlocutory appeal. |

The defendant argues that all three of these disputed periods are not excludable from the Speedy Trial Act calculation.[32] The court, however, agrees with the prosecution, finding all three periods excludable.

The October-December 2017 period is excludable under 18 U.S.C. § 3161(h)(7)(A). Though the court did not make explicit ends-of-justice findings on the record, the hearing transcript is clear that the court set a trial date based on Musso's own counsel's representations that she needed more time to prepare for that trial. The April-May 2017 period is excludable under § 3161(h)(1) as a delay resulting from a proceeding to determine Musso's mental competency. Finally, the March 2018 period is excludable under § 3161(h)(7)(A) because it fell within a continuance that the court granted after concluding, on the record, that it served the ends of justice. Even were it not, a 14-day

---

[32] See Def. Mem. in Supp. of Mot. to Dismiss (doc. no. 125-1) at 4 (disputing October-December 2017 and March 2018 periods); Reply ¶¶ 27–31 (disputing April-May 2017 period).

non-excludable period, added to the non-excludable time that the parties agree has passed, would not create a Speedy Trial Act violation.

Musso also has a right to a speedy trial under the Sixth Amendment and argues that the cumulative delay of over four years violates that right. After performing the requisite balancing test, the court concludes that this delay does not violate that right because the majority of the delay resulted from by Musso's own motions to continue his trial, largely to allow his counsel to prepare for his defense.

## A. Speedy Trial Act

As explained supra, Musso challenges three periods as not excludable from the Speedy Trial Act's 70-day limit, two of which, if not excluded, would lead to a violation of the Speedy Trial Act. As explained below, however, each of these three periods is excludable.

### 1. October-December 2017

The Speedy Trial Act excludes from its 70-day limit

[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). A period is not excludable under this provision, however, "unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Id. On

10

October 26, 2017, the court found Musso competent to stand trial and set a January 9, 2018 trial date. Musso moved to continue his trial 54 days later, on December 19, 2017. Musso argues that this 54-day period is not excludable under the Speedy Trial Act because the court failed to make a record of its determination that the delay served the ends of justice.

Musso is correct that, when setting the January 9, 2018 trial date, the court did not make an explicit ends-of-justice finding on the record. But that does not end the inquiry. "Although the Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance[,] . . . the Act is ambiguous on precisely when those findings must be 'se[t] forth, in the record of the case.'" Zedner, 547 U.S. at 506–07 & n.7. And though "[t]he best practice, of course, is for a district court to put its findings on the record at or near the time when it grants the continuance," id. at 507 n.7, "[s]uch findings must, at the very least, be entered into the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2)." United States v. Huete-Sandoval, 668 F.3d 1, 3 (1st Cir. 2011) (citing Zedner, 547 U.S. at 507).

The court may accordingly now reduce to writing Judge DiClerico's October 26, 2017 finding that the ends of justice served by setting a later trial date outweighed the defendant's interest in a speedy trial. To be clear, the court is not making such a finding anew at this time.[33] The court is merely "set[ting] forth, in the record of the case, . . . in

---

[33] Because it is not making findings, but merely reducing previous findings to the written record, the court denies the prosecution's motion for judicial findings (doc. no. 132).

11

writing, the reasons for" that finding, which was made on October 26, 2017. 18 U.S.C. § 3161(h)(7)(A). That the court made this finding at that time, albeit not explicitly on the record, is evident from the record of the hearing.

First, the transcript makes clear that defense counsel requested a later trial date for the defendant's benefit. The court attempted to begin Musso's trial earlier, offering trial in December 2017, but Musso's counsel represented that she needed more time to obtain discovery, review it, and prepare for trial.[34] Because she would not be able to prepare even in time for a December 2017 trial, it follows that she would not have been able to prepare for an earlier trial date. The earliest that Musso's counsel felt she could be prepared for trial—assuming that "the government [got] information to [her] in a timely manner"—was January 9, 2018.[35]

The fact that it was defense counsel who requested this length of time before trial is highly relevant, if not dispositive. The court in no way intends to suggest that Musso's counsel at the time acted less than diligently or professionally in seeking additional time to obtain, digest, and prepare for trial information that she had requested from the prosecution. It takes her at her word that she was "working pretty diligently" throughout that process,[36] especially in light of the fact that she had only recently replaced Musso's previous counsel. But the fact that she reasonably needed that time to prepare informs

---

[34] Tr. of Oct. 26, 2017 Hrg., Musso Ex. A at 18–22.

[35] Id. at 22.

[36] Id. at 20.

the Speedy Trial Act analysis. "Either [defense counsel] must agree that the continuance granted for her benefit be excluded from STA consideration, or she must object to the continuance. To permit defense counsel to have both the continuance and the time included in the STA calculus is impermissible." United States v. Scantleberry-Frank, 158 F.3d 612, 616 (1st Cir. 1998). Here, Musso's counsel did not object to the continuance; she affirmatively requested the January 2018 trial date, supporting the inference that the delay served the ends of justice.

Second, the transcript makes clear the court's conclusion that the ends of justice served by the delayed trial date outweighed the defendant's and the public's interest in a speedy trial. During the hearing, Judge DiClerico expressly and carefully balanced counsel's need for time to prepare against Musso's right to a speedy trial. Both the court and the prosecution were prepared to proceed at an earlier date.[37] In setting the later date requested by Musso's counsel, the court observed that "Mr. Musso has been sitting in detention for quite a while now, and I would think he wants to get it moving forward. The Court certainly wants to get it moving forward consistent with the needs that [defense counsel] needs to prepare the case obviously."[38] That both the court and the prosecution were prepared to move forward with an earlier trial further supports the conclusion that the delay served only Musso's interest in obtaining a fair trial, and thus served the ends of justice.

---

[37] Id. at 18, 20.

[38] Id. at 22.

13

The October-December 2017 time period is thus excludable because the court concluded, at the time of the continuance, that the ends of justice served by it outweighed the public's and defendant's interest in a speedy trial. And when, as here, "[t]he record is clear that the district court balanced counsels' schedules with the public's [and defendant's] interest in a speedy trial, . . . its decision represents a determination that granting a continuance served the ends of justice." United States v. Carpenter, 781 F.3d 599, 619 (1st Cir. 2015) (concluding as much even when the district court did not make a distinct "ends of justice" finding on the record).

The prosecution also argues that this period also falls under the exception for "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to . . . delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1). While the prosecution provides authority for the proposition that this section operates automatically, without any explicit finding by the court, it cites no authority for the proposition that it necessarily encompasses the period between a competency finding and trial. Though the statute's language is broad, the court is disinclined to rely on that, alone, to conclude—as the prosecution requests—that the period between resolution of a competency issue and trial is automatically excluded from the Speedy Trial Act. But because this period does fall within the ends-of-justice exception, the court need not definitively resolve that question.

### 2. April-May 2017

Musso next argues that the 33-day period between April 7 and May 10, 2017 is excludable from the Speedy Trial Act calculation. After granting several of Musso's motions to continue his trial, the court set a March 7, 2017 trial date.[39] Musso again moved to continue trial for 30 days.[40] The court granted a continuance but, instead of setting a new trial date, the court held a conference on March 21, 2017.[41] Musso's counsel raised competency issues with the court during that conference.[42] Musso did not file a speedy-trial waiver covering this period. The court held another status conference on May 10, 2017, after which it continued the trial "pending a determination of the issues concerning the defendant's mental status" and ordered Musso to undergo a psychiatric examination pursuant to 18 U.S.C. §§ 4241 and 4242.[43]

Musso agrees that the period following the May 10, 2017 status conference is excludable under § 3161(h)(1), which excludes from the Speedy Trial Act's 70-day limit "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to . . . delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the

---

[39] Order Granting Mot. to Continue (doc. no. 37).

[40] Mot. to Continue Trial (doc. no. 39).

[41] See Order Granting Mot. to Continue Trial (doc. no. 40) (directing clerk to schedule a conference); March 1, 2017 and March 13, 2017 Scheduling Notices.

[42] See Mot. to Reconsider (doc. no. 64) ¶ 1; Surreply (doc. no. 131) at 2 & n.2.

[43] Procedural Order of May 10, 2017 at 1–2.

defendant." 18 U.S.C. § 3161(h)(1). And he agrees that the period between the original March 7, 2017 trial date and April 7, 2017 is excludable because his counsel requested a 30-day continuance of the trial. But, he argues, the 33-day period between April 7 and May 10 is not excludable because the continuance requested by his counsel had expired and proceedings concerning Musso's competency had not yet begun.

Musso waived this argument by failing to develop it until his reply memorandum.[44] "[A]rguments developed for the first time in a reply brief are waived." Small Justice LLC v. Xcentric Ventures LLC, 873 F.3d 313, 323 n.11 (1st Cir. 2017). Even had Musso not waived it, however, this 33-day period is excludable under § 3161(h)(1).

Section 3161(h)(1) automatically excludes "[a]ny period of delay . . . resulting from any proceeding . . . to determine the mental competency or physical capacity of the defendant." That period can begin "when a motion to determine competency is filed." United States v. Noone, 913 F.2d 20, 25 (1st Cir. 1990). Though defense counsel filed no motion to determine competency here, the proceedings to determine Musso's mental capacity began before April 7 or, at the latest, a mere four days after that date.

The "proceeding . . . to determine [Musso's] mental capacity" began on March 21, when Musso's counsel first raised the issue of Musso's competency with the court. Though it was held off the record, there is ample evidence that Musso's counsel raised this issue during this conference. Specifically, Musso's third attorney, in asking the court

---

[44] See Reply ¶¶ 27–31.

to reconsider ordering a psychiatric examination, stated that "on or about 3-21-2017 at a chambers conference prior counsel raised concerns about Mr. Musso."[45] This comports with the prosecutor's "recollection that, at the March 21, 2017 conference, "the Court asked defense counsel why he was again continuing the trial date and defense counsel responded by raising concerns he had about the defendant's competency to stand trial."[46] Musso nowhere disputes this characterization of the March 21, 2017 conference. The proceeding to determine Musso's mental capacity thus began during the continuance sought by Musso through his motion to continue the March 7 trial date.

Musso subsequently filed an initial competency evaluation on March 29, 2017, also within that period. The court granted Musso's motion to file that evaluation under seal and his counsel's oral request for a status conference on April 11—four days after the continuance Musso sought would have expired—and scheduled that requested conference for May 10. During that May 10 conference, the court ordered a psychiatric evaluation and explained that its decision to do so was "a result of [the conferences held March 21 and May 10] and the court's review of [the initial] psychological evaluation."[47] This confirms that the proceedings following the March 21 conference related to determining Musso's mental competency.

---

[45] Mot. to Reconsider ¶ 1.

[46] See Surreply at 2 & n.2.

[47] Procedural Order of May 10, 2017 at 1.

17

Though the docket does not reflect an affirmative motion from Musso seeking a continuance based on mental competency, the proceedings to determine his competency began before the court's May 10 order requiring a psychiatric evaluation and, in fact, before April 7. And they did not conclude until the court vacated that order on October 26. This 33-day period is, accordingly, excluded from the Speedy Trial Act's 70-day limit under § 3161(h)(1).

### 3. March 2018

The final period that Musso argues is not excludable under the Speedy Trial Act is the 14-day period between the court's partial grant of his motion to dismiss on March 9, 2018 and the prosecution's filing of its interlocutory appeal on March 23. This period is excludable under § 3161(h)(7)(A) because it falls within a continuance requested by the defendant and which the court found served the ends of justice.

On December 19, 2017, Musso sought another 30-day continuance of his trial, then scheduled to begin January 9, 2018, to give his counsel adequate time to prepare.[48] After oral argument, the court granted Musso a longer continuance, rescheduling the trial for April 3, 2018 so that the parties could brief and the court could resolve a motion to dismiss the charges against him that Musso proposed during oral argument.[49] In setting that schedule, the court specifically concluded that the "continuance is appropriate in the

---

[48] Mot. to Continue Trial (doc. no. 67).

[49] See Order on Mot. to Continue (doc. no. 70).

interest of justice based on the circumstances of this case."[50]  Had the prosecution not appealed the court's order on the motion to dismiss (and assuming no further continuances), Musso would have proceeded to trial on April 3.  And because the court explicitly concluded on January 2 that continuing the trial until April 3 was "in the interest of justice," the period between January 2 and April 3 is excludable under § 3161(h)(7)(A).  This includes the 14-day period between its partial grant of Musso's motion to dismiss and the prosecution's appeal.

Even were this period not excludable, adding these 14 days to the 40 non-excludable days on which the parties agree leads to only 54 non-excludable days.  This does not amount to a violation of the Speedy Trial Act's 70-day limit, and thus would not warrant dismissal.

### B.    Sixth Amendment

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ."  U.S. Const. amend. VI.  "This right attaches upon arrest or indictment, whichever occurs first," United States v. Santiago-Becerril, 130 F.3d 11, 21 (1st Cir. 1997), and so, for Musso, attached upon his arrest on January 26, 2016.  "To determine whether a defendant has been deprived of the Sixth Amendment right to a speedy trial," the court weighs "the four Barker factors, which include the length of delay; the reason assigned by the government for the delay; the defendant's responsibility to assert his right; and prejudice to the defendant, particularly 'to limit the possibility that

---

[50] Id. at 3.

19

the defense will be impaired[.]'" United States v. Handa, 892 F.3d 95, 101 (1st Cir. 2018) (quoting Barker v. Wingo, 407 U.S. 514, 532 (1972)).

The court has found that the Speedy Trial Act has not been violated. But this "would not necessarily preclude a court from finding a violation of [the defendant's] Sixth Amendment right to a speedy trial." Id. The Speedy Trial Act itself provides that none of its provisions "shall be interpreted as a bar to any claim of denial of speedy trial as required by amendment VI of the Constitution." 18 U.S.C § 3173. But it would be "an unusual case in which the time limits of the Speedy Trial Act have been met but the [S]ixth [A]mendment right to speedy trial has been violated." United States v. Mitchell, 723 F.2d 1040, 1049 (1st Cir. 1983) (quoting United States v. Nance, 666 F.2d 353, 360 (9th Cir. 1982)).

### 1.    Length of delay

To kick off the Barker inquiry, "a defendant must allege that the time between accusation—whether by arrest or indictment—and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." Handa, 892 F.3d at 101 (internal citations and quotations omitted). A delay of "around one year is considered presumptively prejudicial, and the presumption that delay prejudices the defendant intensifies over time." Id. at 102. Musso, who was arrested more than four years ago, has well exceeded this period of presumptive prejudice. The government concedes that this lengthy delay weighs this factor in Musso's favor.[51]

---

[51] Gov't Obj. at 12.

### 2. Reasons for the delay

But the length of the delay alone is not determinative.  The reason for the delay, the second <u>Barker</u> factor, "is often considered the focal inquiry."  <u>United States v. Trueber,</u> 238 F.3d 79, 88 (1st Cir. 2001).  And this factor cuts heavily against a Sixth Amendment violation.  In assessing this factor,

> different weights should be assigned to different reasons.  A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government.  A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.  Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.

<u>Barker,</u> 407 U.S. at 531.

Musso does not dispute that most of the 4.5-year delay resulted from his own motions to continue trial, including necessary continuances when he brought in new counsel on three different occasions, and the proceedings to determine his mental competency described <u>supra</u> Part III.A.  Such reasons for delay "are sound and weigh against a finding of Sixth Amendment violation."  <u>United States v. Casas,</u> 425 F.3d 23, 34 (1st Cir. 2005); <u>United States v. Muñoz-Amado,</u> 182 F.3d 57, 62 (1st Cir. 1999).

The government's interlocutory appeal of the order dismissing four charges against Musso accounts for one year of delay.  And "[g]iven the important public interests in appellate review . . . it hardly need be said that an interlocutory appeal by the Government ordinarily is a valid reason that justifies delay."  <u>Trueber,</u> 238 F.3d at 88 (quoting <u>United States v. Loud Hawk,</u> 474 U.S. 302, 315 (1986)).  This is especially true

21

where, as here, the government won its appeal of an order dismissing four out of the five charges against Musso—a strong indication that the appeal was neither frivolous nor merely intended to delay proceedings. See id. (reasonableness of interlocutory appeal depends on strength of government's position, importance of the issue to the case, and seriousness of the crime).

Finally, the COVID-19 pandemic further delayed Musso's trial beginning in April 2020, as the court continued all jury trials—including Musso's—in response.[52] This closure serves the interest of protecting the health of the defendant, court staff, and the public, which justifies the delay.[53]

### 3. Responsibility to assert the right

"The third factor—the extent to which the defendant has asserted his speedy trial right—is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." Trueber, 238 F.3d at 89 (quoting Barker, 407 U.S. at 531–32. "A defendant should give some indication, prior to his assertion of a speedy trial violation, that he wishes to proceed to trial." Muñoz-Amado, 182 F.3d at 62. Musso has done that here. But timing considerations cause this factor to weigh against him.

The charges against Musso were filed in early 2016. As discussed supra Part III.A, Musso argues that the Speedy Trial Act was violated as early as May 2017 or,

---

[52] See Standing Orders as to Daniel E. Musso re: Clarification of Speedy Trial in cases continued due to COVID-19 (doc. nos. 128, 134, 137, 138, 140).

[53] See Standing Order 20-5 (setting out bases for conclusion that delay, in light of COVID-19, satisfies the ends of justice).

alternatively, in December 2017. He could have asserted his speedy trial rights at that time, but did not do so.[54] Instead, he invoked the right for the first time when he filed this motion on February 27, 2020, more than two years after those alleged violations, which "demonstrate[s] a lack of enthusiasm for the speedy trial right which he now asserts." Trueber, 238 F.3d at 90 (internal quotation omitted). A failure to assert the right "make[s] it difficult for a defendant to prove that he was denied a speedy trial." Barker, 407 U.S. at 531-52.

Musso also waited to assert his speedy trial right until barely a month before his then-scheduled April 2020 trial, for which no continuances were anticipated before the COVID-19 pandemic necessitated them. When as here a defendant delays asserting his speedy trial right and "only got around to demanding [that] right" immediately before trial, "when it became a possible means by which to obtain dismissal of the charges against [him]," this factor weighs against him. Santiago-Becerril, 130 F.3d at 22.

### 4. Prejudice

The last factor—prejudice to the defendant caused by the delay—also weighs against Musso or is, at best, neutral. The court assesses this factor "in the light of the interests of defendants which the speedy trial right was designed to protect," which include "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired."

---

[54] The court recognizes that Musso was represented by different counsel at that time, but the differences does not alter the analysis here.

Barker, 407 U.S. at 532.  The last of these is "the most serious . . . because the inability of a defendant adequately to prepare his case skews the fairness of the entire system."  Id.

It is true that Musso was incarcerated for an extended period of time—that is, for over two years from his January 2016 arrest until his release in April 2018, three weeks after the government filed its interlocutory appeal.[55]  But Musso has offered no authority suggesting that two years' incarceration, alone, suffices to a constitutional level of prejudice.  Cf. Muñoz-Amado, 182 F.3d at 63 ("nineteen months of pretrial incarceration in this case, by itself, is insufficient to establish a constitutional level of prejudice"); Santiago-Becerril, 130 F.3d at 23 (fifteen months similarly insufficient).  And rather than prejudicing him, that period of delay occurred largely at his and his counsels' request, serving to protect his procedural and constitutional rights by allowing his series of attorneys adequate time to prepare for trial and to establish his mental competency.

Next, Musso claims that he has been anxious in light of the unresolved criminal charges against him.  But, as discussed above, he occasioned the majority of the delay.  And "[w]hile this type of prejudice is not to be brushed off lightly, considerable anxiety normally attends the initiation and pendency of criminal charges; hence only undue pressures are considered."  United States v. Henson, 945 F.2d 430, 438 (1st Cir. 1991).  Musso has not identified any undue pressures.

---

[55] See April 17, 2018 Order Setting Conditions of Release.  Musso has remained at liberty since his release.

Finally, Musso argues, generally, that the delay will impair his defense because witnesses' recollections will be dimmed. But he bears the burden of identifying specific prejudice occasioned by the delay, such as witnesses whose memories have been dimmed or who have become unavailable or evidence no longer available to him. See Casas, 425 F.3d at 35. And he has not done so, here.

## IV.    Conclusion

Though over four years have passed since Musso was indicted, all but 39 of those days are excludable under the Speedy Trial Act. Because fewer than 70 non-excludable days have passed, the Act has not been violated. Neither has Musso's right to a speedy trial under the Sixth Amendment. Accordingly, his motion to dismiss the indictment[56] is DENIED. The government's motion for judicial findings[57] is also DENIED.

SO ORDERED.

_____
Joseph N. Laplante
United States District Judge

Dated: July 20, 2020

cc:    Matthew T. Hunter, AUSA
       John S. Davis, AUSA
       Simon R. Brown, Esq.

---

[56] Doc. no. 125.

[57] Doc. no. 132.